## JOHN C. DOUGLASS v. MOSES RUFFIN.

1. EJECTMENT — *Evidence, When Sufficient for Recovery.* In an action of ejectment the plaintiff may recover if he shows that he has a claim to the property by color of title, as against the defendant who is in possession without color or claim of title, other than by possession.

2. LASTING IMPROVEMENT, *Presumed to Continue.* Where it is once shown that real property has been improved by being fenced or by other lasting improvement, such improved condition of said property will be presumed to continue, unless the contrary is shown.

### *Error from Leavenworth District Court.*

ACTION by *Douglass* against *Ruffin*, to recover the possession of lots 8 and 9, in block 15, in central addition to the city of Leavenworth. Trial by the court at the May Term, 1884. The court found substantially the following facts: That in 1873 the county of Leavenworth issued to A. A. Higinbotham two tax deeds for said lots, and that the deeds were thereafter duly recorded; that in 1874 Higinbotham and wife quitclaimed all their title and interest therein to Leavenworth county, which deed was not recorded until 1883; that in 1881, Higinbotham and wife conveyed by quitclaim deed all their interest in said lots to John C. Douglass (plaintiff in error), which deed was immediately recorded; that in 1873 the city of Leavenworth issued to Douglass a tax deed to said lots for city taxes, which deed was immediately recorded, and in 1877 issued to him a second tax deed on the same property; that up to 1877 or 1878 the lots in controversy were vacant, at which time Douglass took possession of the same and leased them to one Burley, who fenced them and occupied the same for about three

years; that the two deeds issued by the city of Leavenworth did not convey the title to the lots to the plaintiff; that plaintiff paid taxes thereon, including interest, penalties, and costs, to the amount of $88.12; that in 1883 the defendant entered upon the lots and erected a small house, and has continued to occupy the same ever since. Upon the foregoing findings of fact the court made the following conclusions of law:

"1. The plaintiff is not entitled to recover the possession of the said lots 8 and 9, in block 15, in central addition to the city of Leavenworth.

"2. The plaintiff is entitled to recover the sum of $88.12, his taxes, interest and costs, referred to in finding 7, with interest thereon from May 24, 1884, until paid, at 7 per cent. per annum, and the same constitutes a lien upon said lots and property; and should said sum with interest not be paid on or before the first day of July, 1884, execution issue for the sale of said premises according to law, for the satisfaction of said sum, with all costs accruing from and after the rendition of this judgment.

"3. That all costs incurred up to this time be paid by plaintiff."

Upon said findings and conclusions the court rendered judgment in favor of the defendant for costs, and declared the taxes thereon found due in favor of the plaintiff, and made the same a lien upon the land, and quieted the defendant's title to the premises as against the plaintiff. Plaintiff brings the case here.

*Douglass & White,* for plaintiff in error.

*Lucien Baker,* for defendant in error.

Opinion by CLOGSTON, C.: This was an action in ejectment, brought by the plaintiff in error to recover possession of two lots in the city of Leavenworth. The findings of fact show that sometime in 1877 or 1878, plaintiff took possession of the lots and leased the same, and that the lessee inclosed the premises with a fence, and occupied them about three years. At this time plaintiff had two deeds issued by the city of Leavenworth for city taxes; under these claims of title he

took and held possession of the property. The defendant, in 1883, entered upon the premises and erected a small house, and has retained possession ever since. This right of possession is the only claim the defendant asserts to the property. Without passing upon the questions of what interest plaintiff possessed by virtue of his quitclaim deed from Higinbotham, and also the effect of the quitclaim deed from Higinbotham to Leavenworth county, we yet hold that plaintiff's possession under a claim and color of title was a sufficient interest and title upon which to maintain an action in ejectment; and this title, being paramount to the title or interest of the defendant, is sufficient to maintain a judgment in favor of the plaintiff for the possession of the premises, unless it is found that at the time the defendant entered into possession the plaintiff had abandoned his possession or right of property. (*Gilmore v. Norton*, 10 Kas. 491; *Duffey v. Rafferty*, 15 id. 1; *Simpson v. Boring*, 16 id. 248; *Mooney v. Olsen*, 21 id. 697; *Hollenback v. Ess*, 31 id. 88.) The findings of fact on that point show that plaintiff went into possession in 1877 or 1878, and that the premises were fenced. The fencing of the property was an improvement of a character such as would doubtless remain after the three years' possession of the lessee. It would be a part of the realty, and would, in the absence of other showing, become the property of the plaintiff. When it is once shown that property has been improved, and that the character of the improvements is of a lasting nature, such as would survive for a period of years, that improved condition will be presumed to have continued until the contrary is shown. If this be true, then, in the absence of any showing on the part of the defendant that at the time he entered into possession of the property it was abandoned, or that the improvements had been removed, we must hold that at the time the defendant entered upon the property it was in like improved condition as described by the plaintiff in 1877 or 1878. This being true, the defendant had no right to or interest in the property, and his possession being wrongful, plaintiff is entitled to a judgment for its possession.

It is therefore recommended that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.