## R. Pappe v. J. L. Trout *et al.*

1. **Plea In Abatement.** Where a complaint sets forth two causes of action, and a plea of abatement is filed, which is good as to one cause, and not good as to the other, a demurrer to the plea should be sustained.

2. **Ejectment.** Under article 32, chapter 70, code of 1890, ejectment will lie by a landlord to obtain possession of property for the nonpayment of rent.

3. **Estoppel.** Where it is shown that a tenant is in possession of property, under a written lease and permission of his landlord, *held*, that he is estopped from setting up an adverse claim of title, in himself, in the property while he holds under such condition.

4. **Landlord and Tenant—***Estoppel.* Where a lease is entered into for a period of six months, and a provision is inserted to the effect that, after the expiration of such period, if the tenancy continues, it shall be deemed a tenancy from month to month, *held*, that after a tenant has continued to occupy the premises leased, after the expiration of the six months, and paid rent as agreed in the lease, he will not be permitted to deny its validity.

5. **Tenancy From Month to Month.** A tenancy from month to month is created where parties enter into a lease, which provided that after

a certain period the lease shall be so considered, and the tenant continues to occupy under such lease.

*Error from the District Court of Kingfisher County.*

Action commenced October 25, 1892, in the district court of Kingfisher county, by J. L. Trout and M. J. Kane, against R. Pappe, to recover possession of certain real estate, held under a lease. Judgment in the court below for the recovery of the possession, and $230 as rent for the property. Pappe brings the case here on appeal. The opinion states the facts.

*James A. Morris,* for plaintiff in error.

*W. W. Noffsinger,* for defendants in error.

The opinion of the court was delivered by

DALE, C. J.: October 25, 1892, J. L. Trout and M. J. Kane instituted a suit in ejectment in the district court of Kingfisher county, and in their complaint alleged that they were the owners in fee simple and entitled to the immediate possession of certain real estate, situated in Kingfisher city. They further alleged in their petition that on the 1st day of September, 1889, they leased the premises to R. Pappe, the defendant below, and that the condition of the lease had been broken by said Pappe in that he had refused to pay the rent, as prescribed in the lease, and refused to deliver the possession of the premises to the plaintiffs upon plaintiffs' request; that the defendant had notice to quit the same. As exhibits attached to the petition are copies of the lease, and the notice to quit. Pappe answered by filing a plea in abatement wherein he alleged, in substance, that the land described in the petition of plaintiffs belonged to the United States; that the same was settled upon as a townsite, and that he, Pappe, claimed and occupied the same under the townsite laws from the 1st of

March, 1890, and has continued ever since said date to so claim and occupy the property sued for, as described in the complaint of the plaintiffs.

He further alleges that he made his application to the board of townsite trustees for the tract in question, and after the hearing and award by the townsite board, that he appealed the case, and the same was then pending on appeal before the commissioner of the general land office.    To this plea in abatement the plaintiffs filed a demurrer because said plea did not state facts sufficient to constitute a defense to plaintiffs' cause of action; which demurrer was sustained by the court.    Afterwards, by leave, the defendant filed a counter-claim as occupying claimant, in which he alleged, in substance, that he settled upon the tract of land under the townsite laws of the United States on the 1st day of March, 1890, at a time when the same was a part of the public domain of the United States, and made valuable improvements thereon, under such circumstances as to give him good reason to believe and, in fact, he did believe, that he had a right to claim, improve and occupy the lot, under the laws of the United States; that he had filed his application with the board of townsite trustees for a deed to the lot, and that a hearing was had by said board, in which hearing, the plaintiffs below, and he, Pappe, were adverse parties; that he had improvements to the value of $800 upon the lot, which improvements were placed there by himself, in good faith, and that the value of the lot, apart from the improvements, was $1,000, and he asked that his rights as an occupying claimant on said lot be adjudicated by the court, according to law.    To this, the plaintiffs below filed a demurrer on the ground that the facts set forth were insufficient to constitute a defense to plaintiffs' complaint; which demurrer was by the court sustained. And thereupon, the defendant failing to plead further,

a hearing was had upon the complaint of the plaintiffs, and upon the evidence introduced in support thereof. As a part of the proof appears the notice to quit heretofore referred to, which was served on Pappe August 13, 1891. Among other things, the notice stated, that if he, Pappe, should continue to hold possession after the 31st day ·of August, 1891, he would be required to pay $40 per month, from the 1st day of of September, 1891, until he vacated and gave possession of the premises. Also proof of the service of the notice, and evidence showing that Pappe had been in possession of the property since the 1st day of September, 1891, had paid rent thereon until the 1st day of April, 1892, and had failed to pay rent after said date. The court rendered judgment upon the complaint and the evidence offered in support thereof, wherein he adjudged that the plaintiffs below were the owners in fee simple and entitled to the possession of the real estate described in the complaint, and that defendant unlawfully held possession thereof, and that plaintiffs were entitled to recover as set forth in their complaint, the sum of $230 as rent.

There are three questions involved in this case:

1. The sufficiency of ·the plea in abatement as against the demurrer.

2. Was it error to sustain the demurrer to the answer and counter-claim as occupying claimant?

3. Were the damages as rent properly assessed?

I. The complaint states two causes of action. This case was commenced under art. 32, ch. 70, Code of 1890. This law provides for ejectment on the title, and ejectment for non-payment of rent. Viewed as an action by a landlord for failure to pay rent, the complaint states a good cause of action. (*Huffman v. Starke*, 31 Ind. 474; *Nelson et al. v. Davis*, 35 Ind. 474;

*Fakes v. Elliott,* 102 Ind. 47; *Bethell v. McCool et al.* 46 Ind. 303.)

And it was no defense to this character of an action to enter a plea in abatement, which runs only to the question of title. Such plea being insufficient as a defense, the court committed no error in sustaining the demurrer. The proper practice for defendant below to have followed was, first, by motion to separately state and number the causes of action. This being done, a plea in abatement to the cause of action upon the title may have been sustained.

II. The occupying claimant's act, under the Code of 1890, can have no application. Under the pleadings in this case, Pappe went into possession of the lot in controversy under a written lease. At no time is it shown that he surrendered possession to his landlord, or held by adverse title, and where a tenant, under such circumstances, attempts to assert title to a tract of land, the doctrine of estoppel applies. (Bigelow on Estoppel, 4th Ed. 452.) And in so far as it relates to the question of possession, the courts will enforce contracts between individuals with reference thereto. The jurisdiction of courts over the subject matter of possession obtains while the title to the land yet remains in the United States. In holding to the view that the courts of the territory may deal with the question of possession as between claimants upon the public lands, we follow the decision of the supreme court of the United States in *Marquez v. Frisbie,* 101 U. S. 472. In discussing the principle here announced, after a discussion of the conditions under which the court would not act, while the title to land remains in the United States, we find the following:

"We did not deny the right of the courts to deal with the possession of the land prior to the time of the issue of patent, or to enforce contracts between the parties concerning the land."

In this case it is not necessary for us to determine

whether or not the occupying claimant's act, approved June 1, 1874, and that of the Statutes of Oklahoma of 1890, are applicable to lands, while the title to the same yet remains in the United States. It is sufficient to say that Pappe, being a tenant of the plaintiffs below, was, by operation of law, thereby prevented from asserting in the courts a claim of title in the land, while holding under his lease,

III. The lease was entered into September 1, 1889, and among other recitals, is the following:

"It is hereby agreed that the party of the second part may * * * occupy and have the use of said part of said lot and buildings for the period of six months, from this date, at the monthly rental of fifteen dollars per month, to be paid each month in advance, and it is further agreed by and between the parties to this lease that at the termination of this lease that the same may be extended from month to month thereafter, in the consideration of the payment of twenty dollars per month, in advance, provided, however, that the lease may terminate at the expiration of six months on notice being given by either party to this lease thirty days in advance of such termination." * * *

August 13, 1891, the plaintiffs below served a notice upon Pappe, which is as follows:

"NOTICE TO R. PAPPE.

"*Kingfisher*, *Aug. 13, 1891.*

"Notice is hereby given you to quit, vacate and give peaceable possession of lot six in block eight, in the village of Kingfisher City on or before the first day of September, 1891. If you continue to hold possession after the 31st day of August, 1891, you will be required to pay forty dollars per month, in advance, from the 1st day of September 1891, until you vacate and give possession of said premises. The terms, rent and conditions specified in this notice, if you continue to hold over, shall operate and be effectual to create and establish a part of the lease under which you now hold.

"(Signed)          J. L. TROUT and M. J. KANE."

Under these leases, as appears from the evidence, Pappe paid rent from September 1, 1889, to April 1, 1892. The court below rendered judgment against Pappe for rent at the rate of $40 per month from April 1, the date he ceased paying rent, to October 25, the time when the suit was instituted, a total sum of $230.

It is contended, first, that the court should have rendered a judgment for $15 per month only, as that was the sum as specified in the original lease; that the clause, as appears in such lease, "may be extended from month to month thereafter at $20 per month" is not within itself a contract leasing the premises after the expiration of six months from the date of the lease, but would require another contract to carry it into effect. Possibly counsel is right in his contention, but we have not that question to decide. Another contract was entered into when Pappe continued to hold beyond the six months and to pay the rent. Having gone ahead and complied with the contract he cannot now complain that he did not agree to its terms.

The second ground which counsel advances as a reason why the judgment for rent is erroneous, is based upon the theory that no tenancy existed, and therefore the burden imposed under the statutes against a tenant holding over should not be imposed. Our statute, § 7, art. 5, ch. 69, is as follows:

"In all leases of lands or tenements, or of any interest therein from month to month, the landlord may, upon giving notice in writing, at least fifteen days before the expiration of the month, change the terms of the lease to take effect at the expiration of the month. The notice when served upon the tenant shall of itself operate and be effectual to create and establish a part of the lease, the terms, rent and conditions specified in the notice, if the tenant shall continue to hold the premises after the expiration of the month."

No exception is taken to the sufficiency or legal ffect of the notice, but it is claimed that it did not

become operative because Pappe was not a tenant from month to month. Going back to the original lease we find therein an agreement to the effect that after the expiration of six months from the date of the lease, if Pappe continued, he should thereafter be deemed a tenant from month to month. He held then under an express agreement that he was a tenant from month to month. Having accepted the contract, he will not now be heard to complain of its terms.

The judgment rendered in this case which gives to the plaintiffs below the possession of the premises, with a judgment for $230 rental for the use of such property, is approved. But we think the court below, in rendering judgment in this case to the effect that the plaintiffs below were the owners in fee simple of the property, went beyond its jurisdiction. The title to this property is in the United States. The courts have no jurisdiction over the question of title until the government parts with the same. Congress has created a tribunal for the purpose of determing to whom title in these lots should be awarded. Until such tribunal has finally adjudicated the question, the courts are not at liberty to take jurisdiction of or dispose of the title to town lots or other lands in Oklahoma.

To the extent to which the court has rendered a judgment awarding the title in the land, the decision of the court below is modified and set aside, but confirmed in so far as it awards the possession of the premises to the plaintiffs below and gives to said plaintiffs judgment in the sum of $230.

Burford, J., having presided at the trial of the cause below, not sitting; all the other Justices concurring.