## JOHN SHY v. HERMAN BROCKHAUSE.

(Filed July 30, 1898.)

EJECTMENT—*Town Lot Occupant—Landlord and Tenant.* An occupant of a town lot before the legal title has passed from the government, can maintain a suit in ejectment against one who is in possession thereof, as his tenant; and such tenant is estopped from in any way questioning his landlord's title.

(Syllabus by the Court.)

*Error from the District Court of Woodward County; before Frank Dale, District Judge.*

*J. R. Dean,* for plaintiff in error.

*Houston & Marum* and *Asp, Shartel & Cottingham,* for defendant in error.

Action by Herman A. Brockhause against John Shy. Judgment for plaintiff. Defendant appeals. Affirmed. Opinion of the court by

BURWELL, J.: Herman A. Brockhause commenced an action in the district court of Woodward county, Territory of Oklahoma, on the 13th day of April, 1896, against John Shy, to recover the possession of certain real estate located in the Citizens' addition to Woodward, in Woodward county, Territory of Oklahoma, viz: lots numbered 11 and 12, in block numbered 29, in said town site. Issues were joined and a trial had before the court, a jury having been waived by both parties, which resulted in a judgment for plaintiff. From that judgment, Shy appealed to this court, praying a reversal of the same .

The plaintiff alleged in his petition that he had an equitable estate in the lots in controversy; that he was entitled to the immediate possession of said real estate; and that defendant was unlawfully keeping him out of possession of the same. The defendant's answer contained a general denial; allegations to the effect that the legal title was in the government, and that he was occupying the lots in controversy in his own right, and that the plaintiff had no interest therein, except that the defendant had executed a bill of sale to the plaintiff for the house on said lots, which bill of sale was to be held by plaintiff as security for a loan. The contention of the

plaintiff was that he had rented the house and lots to the defendant, and that he (the defendant) was then, and had been for a long time prior thereto, occupying said property as a tenant of the plaintiff.

On the. trial, the court found that from December 4, 1894, to the date of the commencement of this action, the defendant was a tenant of the plaintiff, Brockhause, and that on the day of trial there was due from defendant to plaintiff, for rents, the sum of $140; that defendant had placed on said lots certain improvements, of the value of $100, for which he was entitled to credit, leaving a balance of $40 due from defendant to plaintiff. Judgment was rendered in favor of plaintiff for the amount. and for restitution of the property.

The appellant alleges that the trial court erred in sustaining plaintiff's demurrer to paragraphs 2, 3, and 4 of defendant's answer, which were in the following language:

(2) "That the lots described in plaintiff's petition are a part of the southwest quarter of section 30, T. 23 N., of R. 2 W., and said land is now, and has been since September 16th, 1893, under contest before the land department of the United States.

(3) "That said contest is now pending between Frank Morgan, homestead claimant, and the citizens of East Woodward, who are collectively claiming said land for townsite purposes under and by virtue of the United States land law of 1893.

(4) "That the title of said land, and of the lots described in plaintiff's petition, is in the United States; and, although the said land has been awarded to the said townsite claimants, no townsite board has yet been appointed to adjust and dispose of said lots to the persons entitled thereto, and the various questions of occu-

pancy and title by town-lot claimants are still before said department, and undetermined."

The demurrer to this part of defendant's answer was on the ground that neither the said paragraphs, nor either of them, stated facts sufficient to constitute a defense to plaintiff's petition. The plaintiff in error takes the position that Brockhause could not maintain his suit, because the legal title to the real estate was still in the government at the time of the commencement of this action. The remedy that should be pursued by a person who wishes to recover the possession of real estate from one who is wrongfully withholding the same, and while the legal title is in the government, is a question which has been before this court a number of times, and has been a subject of careful research and consideration.

This action was commenced under the provisions of article 24 of "Procedure—Civil" of the Statutes of Oklahoma of 1893, which is entitled "Actions Concerning Real Estate," the first two sections of which are as follows:

"SEC. 613.  An action may be brought by any person in possession, by himself or tenant, of real property, against any person who claims an estate or interest therein, adverse to him, for the purpose of determining such adverse estate or interest.

"SEC. 614.  In an action for the recovery of real property, it shall be sufficient if the plaintiff state in his petition that he has a legal or equitable estate therein, and is entitled to the possession thereof, describing the same, as required by section 127, and that the defendant unlawfully keeps him out of the possession.  It shall not be necessary to state how the plaintiff's estate or ownership is derived."

In the case of *Pappe v. Stout*, 3 Okl. 260, 41 Pac. 397, this court held that a landlord could maintain a suit in

ejectment to recover the possession of real estate in a case when the legal title was still in the United States. The court said: "The jurisdiction of courts over the subject-matter of possession obtains while the title to the land yet remains in the United States. In holding to the view that the courts of the Territory may deal with the question of possession as between claimants upon the public lands, we follow the decision of the supreme court of the United States in *Marquez v. Frisbie*, 101 U. S. 473;" * * then quoting the following language from such case: "We did not deny the right of the court to deal with the possession of the land prior to the time of the issue of patent, or to enforce contracts between the parties concerning the land."

It was held by this court in the case of *Hurst v. Sawyer*, 2 Okl. 470, 37 Pac. 817, that an action of ejectment would lie to recover lands held under lease for a term of years, but that the plaintiff must show that the defendant unlawfully and without right keeps him out of possession, and that he has a right thereto. It is proper, we think, that attention should also be called to the case of *Adams v. Couch*, decided in 1 Okl. 17, 26 Pac. 1009. That was a case where two parties were claiming a prior right to a tract of land under the homestead law. One had secured homestead entry, and brought a suit in ejectment against the other, basing his action upon the receiver's duplicate receipt. The court held that ejectment would not lie. That case, though, was different from the one under consideration. Each was claiming an interest in the land superior to that of the other. Each claimed from the same source, and neither had ever been the tenant of the other. That was an action in which

is was sought to settl the legal title; this, an action over the right of possession only.

It is well established that the courts will not interfere with the primary disposition of the soil; and, where two parties have a contest pending before the land department or in any of its branches, the courts will not, ordinarily, make any order that will exclude one of such parties from such land, and give the other the entire occupancy and control thereof; but, where a party gets into possession of real estate by virtue of a lease, he cannot defeat his landlord's right to recover by pleading title in the government. Before he can be heard to question his landlord's title in any way, he must first surrender possession of the premises. ( See *Hagar v. Wyckoff*, 2 Okl. 584, 39 Pac. 281.) And the surrender to his landlord must be open and in good faith. It must be a complete surrender of all possession and control. Nothing short of that will do. In this case the court found that the relation of landlord and tenant existed. This conclusion is reasonably deducible from the evidence, and is binding upon this court. The defendant, having attained his possession by lease, is in no position to question his landlord's title. Shy acknowledged Brockhause's title when he became his tenant, and he is estopped from questioning it as long as he continues to occupy under such circumstances. (*Pettigrew v. Mills* [Kan. Sup.], 14 Pac. 170; *Oliver v. Gary* [Kan. Sup.] 22 Pac. 733.)

It was not necessary in this case for plaintiff to allege or prove the legal title to be in himself, an equitable estate being sufficient. (*Simpson v. Boring*, 16 Kan. 248; *Stout v. Hyatt*, 13 Kan. 232; *Douglass v. Ruffin*, 38 Kan. 530, 16 Pac. 783.)

The case of *Duffey v. Rafferty*, 15 Kan. 9, was a case where Mrs. Hattie M. Rafferty commenced an action in ejectment against Owen Duffey in the district court of Leavenworth county, Kan., for the possession of certain lots in the city of Leavenworth. Plaintiff recovered judgment, and defendant appealed. The supreme court said: "Duffey never obtained any interest in said property, legal or equitable. He never had anything more than a bare, naked possession, derived from the plaintiff's guardian, through Cort and Lyon. Now, under these circumstances, even if the plaintiff had no title, legal or equitable, to said lot, yet still it would seem that she ought to recover. Her possession through her guardian was prior in time to that of the defendants, and the defendants hold under her possession. Now, it is a general rule that, as between parties claiming title, mere priority of possession gives precedence where no better title can be shown as belonging to either."

Under the laws of the Territory, all that is necessary for plaintiff to allege is that he has a legal or equitable estate in the real estate sought to be recovered, and that he is entitled to the possession thereof, together with a proper description of the same; and that defendant unlawfully keeps him out of possession. Now, has an occupant of a townsite lot an equitable estate therein, prior to the issuance of patent? It has been so held. (*Str ng-fellow v. Cain*, 99 U. S. 615; *Hussey v. Smith, Id.* 20; *Hagar v. Wyckoff, supra.*) We hold that an occupant of a town lot, before the legal title has passed from the government, can maintain a suit in ejectment against one who is in possession thereof as his tenant, and that such tenant is estopped from in any was questioning his landlord's title.

The only other question raised by the appellant is that the trial court erred in overruling the defendant's application for a continuance. A casual examination of the defendant's affidavit will show that it is wholly insufficient, and does not comply with our statute. Besides, it is not sworn to. It is therefore unnecessary to give it any further consideration.

For the reason herein stated, we hold that the judgment of the trial court should be affirmed, and that the costs of this appeal should be taxed to the appellant; and judgment is hereby entered to that effect.

All of the Justices concurring