## JACKSON v. LEVY.

No. 8208—Opinion Filed May 27, 1919.

Rehearing Denied Sept. 9, 1919.

(Syllabus by the Court.)

**1. Mortgages—Foreclosure—Receiver.**

Under the second subdivision of section 4979, Rev. Laws 1910, the district courts of this state are authorized to appoint a receiver in an action to foreclose a mortgage, where it is made to appear that the conditions of the mortgage have not been performed and that the property is probably insufficient to discharge the mortgage debt.

**2. Pleading—Petition—Demurrer.**

Where a general demurrer is filed to the petition as a whole, if any paragraph of the petition is good and states a cause of action, the demurrer should be overruled.

**3. Appeal and Error—Continuance—Harmless Error.**

Where, after the commencement of the trial, the court grants plaintiff's oral motion for a continuance, such action will not be held to be reversible error, where it does not appear that the granting of the continuance prejudiced the rights of the adverse party.

**4. Jury—Mortgage Foreclosure—Right to Jury—Trial Without Jury.**

In an action to foreclose a mortgage, where no personal judgment is sought and the defendant has filed an unverified answer, the

action is properly triable to the court without a jury.

Error from District Court, Lincoln County; Chas. B. Wilson, Jr., Judge.

Action by Abe Levy against W. K. Jackson and others. From judgment for plaintiff, defendant Jackson brings error. Affirmed.

Erwin & Erwin, for plaintiff in error.

F. A. Rittenhouse, G. A. Paul, and Burford, Robertson & Hoffman, for defendant in error.

RAINEY, J. This was an action instituted by Abe Levy, as plaintiff, against W. K. Jackson and others, defendants, to foreclose a mortgage on a certain tract of land in Lincoln county, Okla. It appears, from the averments of the petition and from the evidence, that on the 8th day of July, 1912, C. S. O'Neal, for a valuable consideration, executed his note to one C. W. Williams in the sum of $3,000, due and payable on or before two years after date; said note being secured by a mortgage executed by C. S. O'Neal and E. M. O'Neal on the land in controversy. On December 3, 1912, C. W. Williams assigned the note and mortgage, for a valuable consideration, to the plaintiff, Abe Levy. On November 18, 1912, title to the land was vested in C. S. O'Neal, and on the 4th day of December thereafter the said C. S. O'Neal conveyed the land to W. K. Jackson, who assumed and agreed to pay the mortgage as a part of the purchase price. Judgment was for the plaintiff, from which the defendant W. K. Jackson has appealed to this court, assigning numerous errors.

The parties will hereinafter be denominated plaintiff and defendant, respectively. Subsequent to the institution of the action, upon application of the plaintiff, the trial court appointed a receiver for the rents and profits arising from said land, and in defendant's first assignment of error he complains of this action. The court did not err in this respect, for the mortgage, by its terms, provided that if the taxes and assessments lawfully levied against said property, or any part thereof, should not be paid before they became delinquent, or if any part of the principal indebtedness or interest should not be paid when due, the holder of the note and mortgage should have the right to elect to declare the whole sum or sums payable at once and proceed to collect the debt, and "shall be entitled to possession of said premises." The petition alleged that the principal and interest was past due, remained unpaid, that the taxes and assessments against said land had not been paid, and that the premises were insufficient to

discharge the mortgage debt. Under section 4979, Rev. Laws 1910, plaintiff was entitled to have a receiver appointed; said section reading in part as follows:

"A receiver may be appointed by the Supreme Court, the district or superior court, or any judge of either, or, in the absence of said judges from the county, by the county judge:

\* \* \* \* \* \*

"Second. In an action by a mortgagee for the foreclosure of his mortgage, and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt."

The second assignment of error is that the court erred in overruling the demurrer filed by defendant to plaintiff's amended petition. The objection to the petition is that the acknowledgment of the mortgage, attached thereto, was defective, and the mortgage was therefore not entitled to record, that the recording thereof did not constitute constructive notice, and that the petition did not allege that Jackson had actual knowledge of it. This objection is wholly without merit, because it was alleged in the petition that Jackson assumed the payment of said mortgage, which allegation, in our opinion, is equivalent to saying that he had actual notice of its execution. We cannot perceive how he could have assumed the payment of it without having had actual notice thereof. Moreover, the mortgage was admittedly properly acknowledged by E. M. O'Neal, the alleged defect being in the acknowledgment of C. S. O'Neal, and the assignment was introduced in evidence without objection. The unverified answer admitted the execution of the note and mortgage.

In Simpson et al. v. Hillis, 30 Okla. 561, 120 Pac. 572. Ann. Cas. 1913 C. 227, this court held:

"Under section 1195, Comp. Laws 1909, one purchasing property subject to a mortgage valid between the parties thereto, but defective in form and not recorded as required by statute, and who at the time of such purchase has actual knowledge of such mortgage, takes subject to such mortgage; the actual notice being equivalent to due acknowledgment and recording."

Defendant's demurrer was a general demurrer, and it has frequently been held by this court that a general demurrer will not be sustained, where any paragraph of the petition states a good cause of action.

When the cause first came on for trial, and the plaintiff had introduced his evidence and rested, the defendant demurred thereto.

While the record is not entirely clear, it seems that in the opinion of the court the plaintiff had not fully developed his case. At any rate, on plaintiff's oral motion the court granted a continuance of the cause, and this is assigned by the defendant as error; it being his contention that the court was only authorized to grant a continuance under section 5045, Rev. Laws 1910, upon affidavit showing the matters required by said section. In support of this contention counsel cite the case of Shy v. Brockhause, 7 Okla. 35, 54 Pac. 306. That and similar cases are not in point, for it obviously would not be error for the trial court to overrule a motion for continuance that was not sufficient under the statute, but it does not follow that it would be error to grant such a motion. In these matters the trial court is vested with a wide discretion, and where it does not appear that the granting of the continuance has prejudicially affected the rights of the adverse party, the court's ruling will not be disturbed on appeal.

Counsel next contend that the court erred in refusing the defendant a jury trial. The petition, as originally drawn, asked for a money judgment against the defendant on his assumption contract. but prior to the trial the court permitted the plaintiff to amend his petition by eliminating the demand for personal judgment, and to ask only for the foreclosure of the mortgage. Since Jackson's unverified answer to the petition admitted the execution of the note and mortgage, under the amended pleadings the action was not one for the recovery of money, or of specific real or personal property, and the parties were not entitled to a jury trial, as a matter of right, under section 4993, Rev. Laws of 1910. Childs et al. v. Cook, 68 Oklahoma, 174 Pac. 274; Maas et al. v. Dunmyer, 21 Okla. 434, 96 Pac. 591; Brewer et al. v. Martin, 40 Okla. 350, 138 Pac. 166.

It is next insisted that the court erred in requiring the defendant to assume the burden of proof. The execution of the note and mortgage being admitted by the pleadings, the only material question at issue was the date of the assignment, whether it was made before or after maturity. The plaintiff, in introducing the assignment, which was acknowledged and recorded, and which on its face bore the date of assignment, was assuming the burden of proof, and the defendant was not required to assume such burden. but only to rebut the evidence of the plaintiff. However, the practically undisputed evidence in the case shows that the assignment was made on the date shown on the face thereof, and if the court had erroneously placed the burden of proof

on the defendant, he would not be in a position to take advantage of that fact here, for the reason that under section 6005, Rev. Laws of 1910, this court is not permitted to reverse any case on account of any irregularity in procedure, where such irregularity has not resulted in a miscarriage of justice, or does not constitute a substantial violation of a constitutional or a statutory right of the adverse party.

The sixth assignment of error, that the court committed error in refusing to allow the defendant to introduce evidence to prove his several defenses, will not be considered, for the reason that counsel have not complied with rule 26 of this court (47 Okla. x), which requires a party complaining of the admission or rejection of testimony to set out in his brief the full substance of the testimony to the admission or rejection of which he complains, stating specifically his objection thereto.

The remaining assignment of error is that the court erred in rendering judgment without the note and mortgage having been introduced in evidence. The plaintiff testified without objection that he purchased the note on December 3, 1912, and took an assignment of the mortgage at the same time, and he further testified that he was the owner and in possession of the note and mortgage, and that the note was either in the American National Bank, at Oklahoma City, Okla., or in the mail from said bank to Chandler, Okla. If counsel for defendant was not satisfied with this proof, he did not so indicate at the trial, and we cannot see how he was prejudiced in any way. By filing his unverified denial, he admitted the execution of the note and mortgage, and, since the written assignment was introduced in evidence, the failure to introduce the note, which, by inadvertence, did not arrive in time to be introduced at the trial, could not have injuriously affected his rights.

The judgment of the trial court is affirmed

OWEN, C. J., and KANE, HARRISON, PITCHFORD, JOHNSON, and McNEILL, JJ., concur.