METROPOLITAN INVESTMENT COMPANY, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*October 18, 1923—February 12, 1924.*

*Landlord and tenant: Lease: Negativing creation of tenancy from year to year: Effect: Occupation after expiration of lease.*

1. Under a lease to a municipality granting to it certain premises for one year for a public market, and providing that the city should not be liable for any further rental, use, or occupation by any one after the expiration of the year unless, pursuant to a resolution of the common council, a new lease was entered into, the liability of the city ended at the expiration of one year, a new lease not having been made, regardless of the conduct of the city in conniving at the continued occupation of the premises by others after the expiration of the lease. p. 542.
2. Where by their written lease parties create the relationship of landlord and tenant, their rights and liabilities must be determined from the express provisions contained therein, as a court will not create or establish terms or conditions contravening the solemn agreements of the parties. p. 541.

3. If bartering and. trading·upon plaintiff's premises notoriously continued long after the expiration of the lease of the defendant municipality covering said premises, by the terms of which lease the city was released from all liability for use and occupation after its expiration, and if defendant exercised supervision of such activities, such supervision, in view of the provisions of the lease, must be deemed an exercise by defendant of its police power in accordance with its duties and obligations to maintain order. p.·542.
4. Where the language of a lease expressly negatives an intention that a holding over after the expiration of the term stated in the lease shall create a tenancy from year to year, such language will govern, and a tenancy from year to year will not result. p. 543.

APPEAL from an order of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

The appeal is from an order overruling defendant's general demurrer to the plaintiff's complaint.

The complaint in substance alleges that the plaintiff on June 1, 1920, being the owner of three lots in the city of *Milwaukee,* located on what is known as Fond du Lac avenue in said city, leased the same to the city, to be used for the purposes of a public market, for a period of·one year, in consideration of the latter paying the general taxes on such lots for such year. The lease expressly provided that the same should terminate absolutely upon the expiration of the year, without any notice being given to either party, *and that the lessee should not be liable for any further rental, use, or occupation of said lots by any one after May 31, 1921, unless a new lease be entered into by the parties by the express authority of a resolution by the common council of the defendant authorizing further use and occupation of said lands and the signing of a new lease therefor.*

Further, the lease contained the usual clause in documents of that kind, pursuant to which the lessee agreed to quit and surrender the possession of the premises to the lessor peaceably and quietly at the end of said term.

The complaint also alleges that upon the expiration of the

leasehold period, "teaming, bartering, and traffic continued without the slightest change or interruption, and to all appearances city officials remained in control of the premises, maintaining order among the exhibitors and the trading public; that no official notice or any overt intimation from the city indicated change of possession or surrender to the landlord; that this state of things remained and was prolonged throughout the seasons of 1921 and 1922, until the latter part of October, 1922;" that the reasonable use and occupation of said premises after the termination of the formal lease was worth the sum of $1,200 per year, or $2,400 in all; and that the defendant therefore became indebted to the plaintiff in the sum of $2,400, for which amount, together with costs and disbursements, the plaintiff demands judgment against the defendant.

To this complaint the defendant demurred generally, upon the ground that the same did not state facts sufficient to constitute a cause of action; and from the order overruling the demurrer the defendant prosecutes this appeal.

For the appellant there was a brief by *John M. Niven,* city attorney, and *Mark A. Kline,* first assistant city attorney, and oral argument by *Mr. Kline.*

*F. W. von Cotzhausen* of Milwaukee, for the respondent.

The following opinion was filed December 11, 1923:

DOERFLER, J. The parties having created the relationship of landlord and tenant by their written lease, their rights and liabilities must be determined from the express provisions contained therein, as it is not within the province of a court to create or establish terms or conditions contravening the solemn stipulations, covenants, and agreements of the parties.

The leasing of the premises in question, under the terms and conditions of the lease, was largely an experiment on the part of the city to ascertain whether the property was suitable and desirable for the purposes of a public market; and

this is made manifest by the small consideration provided for in the lease, and the subsequent negotiations and proceedings for the purchase of the property, and the condemnation thereof. The property was to be utilized by exhibitors in exhibiting and offering their goods, wares, and merchandise to the public, and by the public in patronizing such exhibitors; and thus it becomes evident that the parties had in mind a situation where, at the expiration of the lease period, the possibility existed for exhibitors to continue their exhibits and offerings and for the public to continue its patronage. To avoid further liability, however, on the part of the city after the termination of the lease, and to meet precisely such a situation as actually developed, the city deemed it wise to include the somewhat unusual provision in the lease.relieving it from further responsibility and liability at the end of the term; and to this the plaintiff expressly and solemnly assented. Under such circumstances there remained nothing for the city to do at the time of the expiration of the lease period, and the lease terminated absolutely at the end of the year, and with such termination the liability of the city came to an end for all purposes, providing its council did not authorize the execution of a further lease or the payment of rental for use and occupation, and the actual execution on its part of a new lease.

It is true that the complaint alleges that bartering and trading upon the premises notoriously continued long after the expiration of the lease, and that the defendant exercised supervision over such activities; but, bearing in mind the express provisions of the lease, it must be deemed that such supervision was exercised by the city merely for the purpose of maintaining order, in accordance with its duties and obligations in the exercise of its police power.

The learned counsel for the plaintiff argues that the instant case is governed by the decision in *Gilman v. Milwaukee*, 31 Wis. 563. In that case the plaintiff, an owner of real estate, leased the same to the city for highway pur-

poses for a period of one year at a stipulated rental, and at
the end of that period the city continued its occupation of
the leased premises; and the court held from such facts
that the city's holding over constituted it a tenant from year
to year upon the terms of the original lease.   In that case
the relationship of landlord and tenant existed, and it was
held that by force of the statute a tenancy from year to
year resulted.   However, there was no such stipulation in
the Gilman lease as is contained in the lease in the instant
case.

It has been held that the parties may, by express stipula-
tion contained in a lease, effectually evidence an intention
against the creation of a tenancy from year to year, and
where such express language is used in the lease, negativing
such intention, such language will govern, and a tenancy
from year to year will not result.   *McDevitt v. Lambert,*
80 Ala. 536, 2 South. 438; *Pappe v. Trout,* 3 Okla. 260, 41
Pac. 397; *Shipman v. Mitchell,* 64 Tex. 174; *Blumenberg v.
Myres,* 32 Cal. 93, 91 Am. Dec. 560; *Skaggs v. Elkus,* 45
Cal. 154.   See note to 25 L. R. A. N. S. 856.

The logical and inevitable conclusion which must there-
fore follow is that the parties not only expressly negatived
their intention that a new lease constituting a tenancy from
year to year would result, but that, no authorization for a
future tenancy having been passed by resolution of the
common council and no new lease having been actually
executed, the occupation by the city actually ceased at the
end of the period, and that with the termination of the lease
all further liability of the city as a tenant, either under the
terms of the original lease or for use and occupation, also
ceased.

Whatever may be our view of the equities of the case or
of the alleged propriety of the city in conniving at the con-
tinued occupation of the premises after the expiration of
the lease, we are of the opinion that its liability ceased when
the written lease expired, and that the plaintiff, having sol-

emnly assented to such a result, cannot now logically complain.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded with directions for further proceedings according to law.

· The respondent moved for a rehearing.

In support of the motion there was a brief by *F. W. von Cotzhausen* and *Orth & Orth,* attorneys, and *Walter D. Corrigan,* of counsel, all of Milwaukee.

In opposition thereto there was a brief by *John M. Niven,* city attorney, and *Mark A.' Kline,* first assistant city attorney.

The motion was denied, with $25 costs, on February 12, 1924.