## ISAACS v. DE HON et al.

(Circuit Court of Appeals, Ninth Circuit. April 5, 1926.)

No. 4700.

**I. Aliens ⬅⇒6(2).**

Only sovereign may complain of trust in realty in favor of alien, disqualified to hold title under Act Feb. 25, 1920 (Comp. St. Supp. 1925, § 4640¼ et seq.).

**2. Aliens ⬅⇒6(2).**

A trust in realty in favor of alien is valid, until alienage is judicially established at government's instance.

**3. Trusts ⬅⇒362—Defendant in suit to declare trust under grub stake agreement in oil claim and prospecting permit cannot take advantage of land office regulation requiring consent of Secretary of Interior to assignment of permits (Act Feb. 25, 1920 [Comp. St. Supp. 1925, § 4640¼ et seq.]; General Land Office Regulations, § 12½.)**

Defendant in suit to declare trust under grubstake agreement in oil claim and prospecting permit, issued under Act Feb. 25, 1920 (Comp. St. Supp. 1925, § 4640¼ et seq.), cannot take advantage of General Land Office Regulations, § 12½, promulgated under authority of section 13 of such act, requiring consent of Secretary of the Interior to assignment of permits.

**4. Trusts ⬅⇒366(1)—Secretary of the Interior is not proper party to suit to declare trust in interests in oil claim and prospecting permits under grubstake agreement.**

Secretary of the Interior is not proper party to suit to declare trust in interests in oil claim and prospecting permit under grubstake agreement, as courts will not interfere by mandamus or injunction with his performance of his duties under public land laws.

**5. Public lands ⬅⇒103(4).**

Courts have power to enforce contracts with reference to lands, while title is held by government.

**6. Courts ⬅⇒405(16).**

Circuit Court of Appeals cannot notice assignment that findings are not supported by evidence, where evidence is not part of record.

**7. Appeal and error ⬅⇒717.**

Trial court's opinion, which is not a special finding, cannot be used to impeach decree.

Appeal from the District Court of the United States for the Third Division of the Territory of Alaska; E. E. Ritchie, Judge.

Suit by Eli De Hon and others against Charles W. Isaacs and others. From a decree against the first-named defendant, he appeals. Affirmed.

Eli De Hon, Erick F. Erickson, L. A. Brown, Adolph Olson, Ed Erickson, and Gust Claussen, hereinafter called the plaintiffs, brought suit against S. H. Gordon, Olive Gordon, his wife, and Charles W. Isaacs, to have Mrs. Gordon declared a trustee for plaintiffs as to specified fractional interests in an oil claim and a prospecting permit issued to her under the Act of February 25, 1920 (Comp. Stat. Supp. 1925, § 4640¼ff, 41 Stat. 441). The court found that Mrs. Gordon had made an agreement with Isaacs, hereinafter called the appellant, under which Isaacs was entitled to a half interest in the Isaacs half of the claim. that plaintiffs were entitled to a five-sevenths interest in the Isaacs half of the claim. Isaacs appeals from a decree based upon this

finding. As to the half of the claim held by Mrs. Gordon in her own right, the findings and decree were in her favor, and plaintiffs have not appealed.

L. V. Ray, of Seward, Alaska, and James Wickersham, of Juneau, Alaska, for appellant.

Donohoe & Dimond, of Valdez, Alaska (Robert W. Jennings, of San Francisco, Cal., of counsel), for appellees.

Before GILBERT, RUDKIN, and Mc-CAMANT, Circuit Judges.

McCAMANT, Circuit Judge (after stating the facts as above). The complaint alleges a grubstake agreement of date February 14, 1920, under which plaintiffs were entitled to certain specified interests in any oil claims located by appellant in the Cold Bay oil field on the Alaskan peninsula. It is alleged that, while working under the grubstake agreement, appellant located an oil claim in the name of Mrs. Gordon; that Mrs. Gordon's husband was a party to the grubstake agreement, and that Mrs. Gordon was well advised of its existence and of the rights of plaintiffs therein; that plaintiffs had demanded from her a conveyance of the interests to which they were entitled; and that she had refused to recognize their rights. It is also alleged that the General Land Office had issued a permit to Mrs. Gordon to prospect the claim in question.

Appellant demurred to the complaint on the ground that it is not alleged that plaintiffs are qualified under the Act of February 25, 1920, 41 Stat. 437, Comp. Stat. Supp. 1925, § 4640¼, to hold an oil claim or a prospecting permit. The attack on the complaint, in other words, is based on the omission of an allegation that plaintiffs are citizens of the United States.

[1, 2] If the plaintiffs are aliens, appellant is in no position to take advantage of this circumstance. No one but the sovereign has any right to complain of a trust in real estate in favor of an alien disqualified to hold title. 2 C. J. 1056; Osterman v. Baldwin, 6 Wall. 116, 121–122, 18 L. Ed. 730. Such a trust is valid until, at the instance of the government, the alienage is judicially estab-

lished. Taylor v. Benham, 5 How. 233, 270, 12 L. Ed. 130; Princeton Mining Co. v. First National Bank, 19 P. 210, 211, 7 Mont. 530, [3] It is contended that there is a defect of parties, in that the Secretary of the Interior has not been joined as a party defendant. Attention is called to section 12½ of the Regulations of the General Land Office concerning oil and gas permits, promulgated under the authority of section 13 of the Act of February 25, 1920, 41 Stat. 441, Comp. Stat. Supp. 1925, § 4640¼ff. This regulation is as follows:

"*Assignment of Permits.*—Permits, after being awarded, may be assigned to qualified persons or corporations upon first obtaining consent of the Secretary of the Interior. Mere rights to receive a permit are not assignable."

Appellant is in no position to take advantage of this regulation. It may be that plaintiffs will lose the fruits of this litigation by the refusal of the Secretary to approve the assignment of interests in the permit. But appellant is nevertheless held in a court of equity to the obligations he assumed in his grubstake contract.

[4, 5] The Secretary of the Interior would not have been a proper party to this suit. The courts will not interfere by mandamus or injunction with his performance of his duties under the public land laws. Marquez v. Frisbie, 101 U. S. 473, 475, 25 L. Ed. 800. But the courts do have power to enforce contracts with reference to lands while title thereto is held by the government. Marquez v. Frisbie, supra; Pappe v. Trout, 41 P. 397, 399, 3 Okl. 260.

[6] It is argued that the findings are not supported by the evidence. The evidence has not been made a part of the record, and we cannot notice this assignment of error.

[7] It is argued that the findings and decree are out of harmony with the opinion of the District Court. This opinion is not a special finding, and it cannot be used to impeach the decree. Java Cocoanut Oil Co. v. Pajaro Valley Nat. Bank, 300 F. 305; China Press v. Webb (C. C. A.) 7 F.(2d) 581, 582.

We also think the findings support the decree. There are no other assignments of error, and the decree is affirmed.