### BETHELL *v.* McCOOL ET AL.

| 46 | 303 |
|135 | 137 |

TENANTS IN COMMON.—*Action for Possession.*—One tenant in common may maintain an action for the possession of his part of the real estate, where there is a denial of his right by his co-tenants or some act amounting to such denial.

From the Warrick Circuit Court.

*I. S. Moore,* for appellant.

*Hynes & Fuller,* for appellees.

DOWNEY, J.—The appellant sued the appellees, alleging in his complaint, that he was the owner in fee simple and ·entitled to the possession of the undivided one-third of certain real estate particularly described in the complaint; that the defendants were each entitled to the undivided one-third of the same; that the defendants had possession of the part belonging to the plaintiff, without right, denying the plaintiff's title thereto, and for six years past had unlawfully kept the plaintiff out of possesson thereof.

The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action against the defendants. The court sustained the demurrer, and rendered final judgment for the defendants. This ruling of the court is the error assigned.

There is no brief for the appellees.

It is stated in the brief of counsel for the appellant, that the court sustained the demurrer for the reason that one

tenant in common could not sustain an action to recover the possession of a part of the common estate.

Sec. 592, 2 G. & H. 281, provides, that "any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title, or some interest therein."

Sec. 614, 2 G. & H. 285, provides: "In an action by a tenant in common or joint tenant of real property, against his co-tenant, the plaintiff must show, in addition to his evidence of right, that the defendant either denied the plaintiff's right, or did some act amounting to such denial."

This question was presented and decided in favor of the position of the appellant in *Nelson* v. *Davis*, 35 Ind. 474.

In such cases there must, at common law, probably have been an actual ouster of the tenant suing. Adams Eject. 91.

Under our statute, above quoted, there must have been a denial of the plaintiff's right, or some act amounting to such denial. That is substantially alleged in this case.

The court erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs; and the cause is remanded, with instructions to overrule the demurrer to the complaint.