JOHN POLSTER, *et al.*, v. A. W. RUCKER, *et al.*

1. PLEADING; *Petition; Sufficiency; Objection after Verdict.* Where no objection is made to the sufficiency of a petition until after trial and verdict, the defect must be plain and in a vital matter, or it will be disregarded.

2. ———— A petition which alleges that defendants "took from one C. B. the sum of $114.53, and the said C. B. gave to the plaintiffs an order therefor, for value received, and that the said C. B. assigned to the plaintiffs his cause of action against the defendants," and also alleges nonpayment, and also that the district court, after the taking made an order directing one of the defendants to pay this money into court, that he did not pay the same as ordered, but took the order for review to the supreme court, giving an undertaking, signed by both defendants, conditioned to pay said sum of money into court if the order should be affirmed, that said order was affirmed, and still the money was not paid, will be held sufficient as against an objection presented for the first time after trial and verdict.

*Error from Cherokee District Court.*

ACTION by *Rucker & Bro.* plaintiffs, as assignees of Charles Beuro, to recover $114.53, and interest. In 1871 *John Polster* caused Beuro to be arrested on a charge of grand larceny. When arrested Beuro had in his possession said sum of $114.53, which was, by order of a justice of the peace, taken and delivered to *Polster*, the prosecuting witness. On trial in the district court Beuro was acquitted, and the court made an order that *Polster* redeliver said money to Beuro. (*Ex*

*parte Polster*, 10 Kas. 204.) Beuro assigned his claim for the money to plaintiffs, and this action was against *John Polster*, and his surety *J. G. Polster*, to recover said sum. Answer, general denial. Trial, and judgment for plaintiffs, at April Term 1874. The defendants bring the case here.

*John N. Ritter*, for plaintiffs in error.

*A. W. Rucker*, and *W. C. Webb*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The only question in this case is, whether the petition is sufficient to sustain the verdict and judgment. No objection was made to it until after the trial and verdict. An objection thus made will be regarded with little favor, and the defect in the petition must be plain, and in a vital matter, or it will be deemed to have been waived. *Mitchell v. Milhoan*, 11 Kas. 617. Unquestionably this petition is open to criticism, but still we think it must be held sufficient. It alleges that defendants "took from one Charles Beuro the sum of $114.53, and the said Charles Beuro gave to the plaintiffs an order therefor, for value received, and that the said Charles Beuro assigned to the plaintiffs his cause of action against the defendants." It also alleges nonpayment in whole or in part. Counsel contends that the presumption of law is, that this "money was taken rightfully and legally, and by authority, in the usual routine of business." It is true, there is no allegation that the money was wrongfully taken, or even that it was the money of said Beuro. But there is another presumption, that the possessor of personal property is its owner; and this money is shown to have been in the possession of Beuro. In other words, the petition shows Beuro in possession of money, and presumptively, therefore, the owner, and rightfully in possession; that this money is taken from him by defendants, and never returned. No authority for such taking is shown. Now after the trial, without any objection to the petition, we think the court ought not to set aside the entire proceedings because of a failure to

Challiss v. A. T. & Santa Fé Rld. Co.

allege that the money was taken wrongfully, and without authority. But beyond this, the petition alleges that the district court, after this taking by defendants, made an order directing John Polster to pay this money into court, that said Polster did not pay the money into court as ordered, but took the order to the supreme court, and gave an undertaking signed by both the defendants, a copy of which is attached to and made a part of the petition, conditioned to pay said sum of money into court if said order should be affirmed, that said order was affirmed, and that still said money has not been paid into court. This, while perhaps not exactly showing that the original taking was unlawful, clearly shows that the defendants have no longer any right to retain the possession, and are guilty of a wrong in so doing.

We think therefore that the petition, as against any objection raised for the first time after trial and verdict, must be held sufficient, and the judgment will be affirmed.

All the Justices concurring.