### ROBERT M. HAMILL V. ISAAC JALONICK, JR.

1. EJECTMENT    Under article 32, chapter 70, laws of 1890, a landlord may maintain an action for the possession of property held by his tenant.

2. ESTOPPEL.    Where it is shown that a tenant is in possession of property by permission of his landlord, *held*, that he is estopped from denying the title under which he holds.

*Error from the District Court of Canadian County.*

Action commenced in Canadian county district court by Isaac Jalonick Jr. against Robert M. Hamill, to recover possession of property held by Hamill under a lease from Jalonick. Judgment below for Jalonick

Hamill brings up the case. The facts are stated in the opinion.

*Frank G. White*, for plaintiff in error.

*Dille & Schmook* and *Baxter & Severy*, for defendant in error.

The opinion of the court was delivered by

DALE, C. J.: This case was commenced in the district court of Canadian county April 7, 1893, and an answer by a general denial was filed April 18, 1893. It was brought as a suit in ejectment under art. 12, ch. 70, Code of 1890, and was for the recovery of lot No. 16, in block 81, in the city of El Reno. October 24, 1891, Jalonick executed to Hamill a written lease for a building 20x40 feet, located upon the above described property, for the period of one year, at a monthly rental of $40. The lease was signed by both parties. In the body of the lease it was agreed that upon the non-payment of the rent or any portion thereof, Jalonick might, at his election, either distrain for rent due, or declare the lease at an end. In June or July, 1892, Hamill quit paying rent for the property and claimed thereafter to hold adversely to Jalonick, but it is not contended that Hamill surrendered possession to Jalonick before he sought to assert such claim. In December, 1893, judgment was rendered for the plaintiff and a new trial granted, under the statute. June 11, 1894, after trial, a second judgment was rendered in favor of Jalonick, to reverse which Hamill brings the case here. It will not be necessary to consider the assignments of error set forth by appellant separately as they are all involved in one proposition. Was it error for the court below to exclude the evidence offered by Hamill for the purpose of showing no title in Jalonick, and that a contest proceeding for the title to the lot was pending, undetermined, before the land department, between Hamill and Jalonick.?

This action was commenced under § 1, art. 12, ch. 70, Laws of 1890, and was for possession of property held under a lease. The suit was not for the purpose of trying the question of title nor as between the parties was such question involved. Under § 1, two kinds of actions are contemplated; one may be brought to determine the title, and the other, the right of possession. This action was for the possession of the property. Jalonick claimed as a landlord against Hamill, his tenant. We think counsel for appellant fails to properly distinguish between the two actions. Jalonick could not maintain the action against Hamill for the title because the question of title is one yet to be determined in another tribunal. But if the contract of lease was valid, in the first instance, as between Jalonick and Hamill, it always retained its validity, until Hamill had, by a surrender of possession under the lease, put an end to the contract between them. Keeping these distinctions in mind, we may arrive at a correct solution of the question involved. Jalonick, in support of his right of possession, introduced his lease and showed, by evidence, that its terms had been violated by Hamill and then rested his case. Hamill offered to show, first, that Jalonick had no title in the property, and, second, that there was a contest pending between himself and Jalonick in the land department over the title to such property. The court excluded both defenses and adjudged Jalonick to be entitled to the possession of the property, and of this ruling Hamill complains. Section 1, art. 32, *supra*, provides that "any person having a valid subsisting interest in real property and a right to the possession thereof, may recover the same by action to be brought against the tenant in possession." * * *

This statute is a part of the Indian code, apopted by our legislature, and comes to us with a well settled construction. Under this statute a landlord may

maintain an action against his tenant. (*Huffman v. Starks*, 31 Ind. 474; *Nelson et al. v. Davis*, 35 Ind. 474; *Bethell v. McCool et al.* 46 Ind. 303; *Frakes v. Elliott*, 102 Ind. 47.)

In this case the remedy invoked by the landlord was that which arose under the lease. He asked for no judgment of title. The question of Jalonick's right under the lease being the only one in dispute, the court, very properly, rejected all evidence which did not meet such issue. Hamill had entered into possession of the property under a contract of lease, and unless he could show that such lease was procured by fraud, he must stand by his contract. Bigelow on Estoppel, 4th Ed. 452, in discussing this principle, tersely puts the proposition: "Enjoyment by permission is the foundation of the action, and is therefore the foundation of the rule that a tenant shall not be permitted to dispute the title of his landlord." ' Two conditions are essential to the existence of the estoppel; first, possession; second, permission; where these conditions are present, the estoppel arises.' "

Apply this rule. Jalonick leased to Hamill, who took possession by permission of Jalonick. Hamill has placed himself in exactly the position defined by the text writer above quoted. This doctrine is world wide in its application, and is sound in morals, as well as in law, and the court below committed no error in awarding to Jalonick a judgment of possesion.

Burford, J., having presided at the trial of the cause below, not sitting; all the other Justices concurring.