STATEMENT OF FACTS.
This action was commenced by C. L. Severy, as assignee of S.W. Sawyer, in the district court of *Page 631 
Canadian county, on the 16th day of October, 1894, by filing therein his petition which, omitting the prayer, is as follows:
"Territory of Oklahoma, } }ss: County of Canadian, }
"In the district court in and for said county and territory.
"C. L. Severy as assignee of S.W. Sawyer, plaintiff, v. W. P. Seawell, I. E. Wagoner, O. H. Benton, W. L. Choate, E. C. Young, partners under the firm name of E. C. Young Lumber Co., defendants.
 "PETITION.
"The plaintiff above named complains of the said defendants and alleges:
"1. That the said C. L. Severy is the duly and legally appointed, qualified and acting assignee of the said S.W. Sawyer.
"2. That the said defendants are co-partners and doing business as lumbermen in the city of El Reno, under the firm name of E. C. Young Lumber Co.
"3. That on or about the first day of October, 1891, the said S.W. Sawyer rented to the defendants, and the defendants hired of said S.W. Sawyer, certain real estate situated in the county of Canadian, in the Territory of Oklahoma, described as follows, to-wit: Lots 14, 15, 16, 17 and 18, in block 83, in the city of El Reno, as shown by the recorded plat thereof, at the monthly rental of $30 per month, payable monthly in advance. That the said defendants occupied said lots under and by virtue of said contract and agreement from the first day of October, 1891, up to the present time; that the said defendants have paid on account of said rent the sum of $377.60, or for the period of time from October 1, 1891, to October 1, 1892, and the period of time in the month of October covered by $17.60; that the sum of $750, less the said sum of $17.60, or the sum of $732.40, being a part of the rent for the period of time from October 1, 1892, to November 1, 1894, has not *Page 632 
been paid, and is now due this plaintiff with interest as by law allowed."
To this petition the defendant E. C. Young answered, first, by way of general denial, and then alleged the following as his second and third defenses, to-wit:
"Second defense: That the title of the said Samuel W. Sawyer to the premises described in plaintiff's petition failed long prior to the first day of October, 1892, the said lots became at the time of said failure a part of the public domain of the United States, and the said Sawyer was at said time disqualified to acquire title thereto by reason of the fact that he had entered upon the lands opened to settlement on the 22nd day of April, 1889, after the issuance of the proclamation of the president opening the same to settlement, and prior to the time fixed in the said proclamation for the opening of the same; and the defendant is now and during all of the time since the 6th day of February, 1892, has been occupying the said lots for business purposes, and seeking to acquire title thereto by occupancy, and his application for a deed to the said lots was, at the time of the commencement of this action, and now is, pending before the commissioner of the general land office of the United States, and the application of the plaintiff for the said lots is also pending before the said commissioner, and undisposed of
"Third defense: The plaintiff for his third defense to the plaintiff's petition says that the purposes of the assignment from S.W. Sawyer to the plaintiff have been fulfilled, and the rights of the said plaintiff thereunder have expired."
When the case was called for trial and both parties had announced ready, and the plaintiff had called the said E. C. Young as a witness, and before the introduction of any testimony on behalf of plaintiff, defendant's counsel, objected to the introduction of any testimony under the *Page 633 
petition for the reason that it did not state facts sufficient to constitute a cause of action, which objection was by the court overruled, to which ruling defendants' counsel at the time duly excepted.
The testimony produced on behalf of plaintiff at the trial of the cause shows that, on or about the 5th day of August, 1892, the said S.W. Sawyer made a general assignment for the benefit of all his creditors to the said C. L. Severy, plaintiff below, and that the deed of assignment was properly and legally executed, acknowledged and filed for record as required by ch. 6, Oklahoma Statutes, 1890; that the firm of Seawell, Wagoner Benton, engaged in the lumber business in the said city of El Reno, leased the lots described in plaintiff's petition of the said S.W. Sawyer on or about October 1, 1891, agreeing to pay therefor, as rent, the sum of $30 per month in advance, and on or about January 1, 1892, the said E. C. Young, defendant below, became a partner of said above named firm, and the business thereof was subsequently conducted in the name of E. C. Young Lumber company; that said new firm continued in the possession of said real estate under the original contract of lease and continued to pay as rent therefor the sum of $30 per month until the month of October, 1892, on which said month the sum of $17.60 only was paid, after which time no further rent was paid, the defendant, E. C. Young, who had paid the rent thereon after becoming a member of said firm, declining and refusing to pay any further rent. At the conclusion of plaintiff's testimony, the defendant, E. C. Young, interposed a demurrer to the evidence, which was overruled by the trial court, to which ruling said defendant excepted. Thereupon the following agreement was entered *Page 634 
into by and between the plaintiff and defendant in open court: to-wit:
"It is now agreed by counsel for plaintiff and defendant in open court that the lots described in plaintiff's petition are a portion of the original homestead entry of John A. Foreman; that at the time of the leasing of the lots to Seawell, Wagoner Benton, Foreman had entered the said real estate at the proper land office under the provisions of § 22 of the Organic Act, and had made a deed to the lots described in the petition to S.W. Sawyer; that afterward, and on the 6th day of February, 1891, in a proper proceeding, the secretary of the interior canceled the entry of John A. Foreman on the said land, and the same were afterward, and in the month of May, 1892, entered by board No. 4 of townsite trustees as a portion of the townsite of El Reno, in trust for the benefit of the occupants of said townsite; that after the said entry the defendant, E. C. Young, and the plaintiff, C. L. Severy, applied to the said board of trustees in compliance with the rules providing for the regulation of proceedings of the said board for a title to the said lots, and complied with the regulations and rules of said board of trustees with reference to deposits, and a hearing of the said cause between plaintiff and defendant with reference to said lots was had before the said board, and decided in the year 1892; that thereafter, the defendant in this action duly appealed from the decision of the said board to the commissioner of the general land office, and the said appeal is still pending and undisposed of before the said commissioner; that no deed has as yet passed to any claimant under the townsite laws and no decision has ever been made on the said appeal by the said commissioner."
The defendant then introduced testimony showing that the said S.W. Sawyer had been in Oklahoma Territory between March 23 and April 22, 1889, for a period of two days; that during said time the said Sawyer remained at a hotel near the depot of what is now *Page 635 
Oklahoma City; that the said Sawyer then went outside of Oklahoma Territory and did not return until after said April 22, 1889, and did not reach the town of El Reno until about June 3, 1889; also that the said Sawyer purchased the lots described in plaintiff's petition hereinbefore set out, of the Rock Island railroad company, and placed thereon certain improvements in the way of sheds, etc.; and he says in his testimony, as a witness for defendant, "For the further lot, where the shed is, I paid $210.50 cash, the other four lots I exchanged for lots that were over on Choctaw street."
At the conclusion of the evidence, the defendant, by leave and order of court, filed an amended petition to conform to the facts proven on the trial, which said petition, omitting the formal parts, is as follows:
"The plaintiff above named complains of the defendants and alleges:
"1. That the said C. L. Severy is the duly and legally appointed, qualified and acting assignee of the said S.W. Sawyer.
"2. That the said defendants are co-partners and doing business as lumbermen in the city of El Reno, in said county and territory, under the firm name of E. C. Young Lumber company.
"3. That on or about the 1st day of October, 1891, the defendants, Seawell, Wagoner, Benton and Choate, as partners in the lumber business, leased from S.W. Sawyer lots 14, 15, 16, 17 and 18, in block 83, in the city of El Reno, as shown by the recorded plat thereof, and entered into the occupancy thereof, and thereafter continued in the occupancy of said property until January 1, 1892, when such partnership was changed by the addition of E. C. Young, as a partner, and the said business was thereafter conducted, using said real estate therefor, under the firm or co-partnership name of E. C. Young Lumber company. *Page 636 
"That said firm E. C. Young Lumber company, from and after the 1st day of January, 1892, continued in the possession of said real estate under the original contract of lease hereinbefore mentioned, and paid the agreed rental therefor, the same being $30 per month, until October, 1892, the sum of $17.60 having been paid on that month's rent; that no further rent has been paid by the defendants; that there has been paid for the use as rental for the use of said property from the 1st day of October, 1891, the sum of $377.67 for the period of time from October 1, 1891, to October 1, 1892, which sum includes $17.60 paid on the rent for the month of October, 1892; that there is due plaintiff and unpaid for the use of said property by defendants the sum of $717.40, being part of the rent for the use of said property for the period of time from October 1, 1892, to October 16, 1894, which sum, together with interest as allowed by law, is due to the plaintiff as assignee of S.W. Sawyer."
The court thereupon found the issues in favor of the plaintiff and entered judgment for him in the sum of $717.40, after which a motion for a new trial on behalf of defendant was duly filed, overruled and the ruling duly excepted to.
The opinion of the court was delivered by
The first contention of plaintiff in error is that the petition of plaintiff below fails to state facts sufficient to constitute a cause of action for the reason that, first, it does not show such an assignment from Sawyer to Severy as entitled the latter to maintain his action and, second, it fails to show any leave of court for the bringing of same. *Page 637 
We do not think this position tenable. Besides the caption, where it is stated that plaintiff sues as the assignee of Sawyer, it is further alleged in said petition "that the said C. L. Severy is the duly and legally appointed, qualified and acting assignee of the said S.W. Sawyer." While this allegation is certainly somewhat uncertain and indefinite in many particulars, and would doubtless have been held insufficient had it been challenged by a motion to make more definite and certain, yet we are not prepared to say that is bad as against a general demurrer, and, when its sufficiency is questioned by neither motion nor demurrer, and defendant's answer shows that he thoroughly understood what was meant by said allegation, we are clearly of the opinion that the trial court committed no error in overruling the objection of defendant's counsel to the introduction of any evidence under said petition. The cases cited by counsel for plaintiff in error do not support their contention. The one most nearly in point is City of Atchison v.Twine, 9 Kan. 350, wherein it is held that, "in such action, whether plaintiff is administrator or not is an issuable fact, and that he was such administrator should in some way appear in the petition."
In that case, there was no averment, in the petition, whatever, concerning the fact that plaintiff was administrator of George Johnson, deceased, on account of whose death the action was brought. Suppose the petition therein had contained an allegation to the effect that plaintiff "is the duly and legally appointed and acting" administrator of the estate of the said George Johnson, deceased, without stating when, by whom or where said appointment was made, can it be contended that the supreme court which decided the case would have held this averment fatally defective when objected to for the *Page 638 
first time upon the introduction of testimony? We think no such inference can possibly be drawn from the language used in that decision. There is a wide difference between an entire failure to plead a material and necessary matter and defectively alleging the same.
"A petition which states facts sufficient to constitute a cause of action must be held sufficient on the introduction of any evidence under it, however informal, indefinite, and uncertain it may be in some of its statements of fact." (Fitzpatrick v. Gebhart, 7 Kan. 35).
"The questions whether the petition states facts sufficient to constitute a cause of action, and whether the petition and the findings taken together sustain the judgment of the court below, may generally be considered by the supreme court, whether any exception has been taken to the ruling of the court below or not. But the subsequent proceedings often cure a defective petition; and when the objection to the petition is made in any way, except by demurrer, or by a motion to require the plaintiff to make his petition, or certain allegations thereof, more formal, or more definite and certain, the objection should generally be overruled unless there is a total failure to allege some matter essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law." (Mitchell v. Milhoan, 11 Kan. 617).
"Where the question of the sufficiency of a petition is raised for the first time by an objection to the introduction of any evidence under it, and not raised otherwise, courts will always construe the allegations of the petition very liberally, so as to sustain the petition if it can be sustained; and if anything should intervene between the filing of the petition and the final rendering of the judgment which could, by a fair and reasonable intendment, be construed to cure the defective allegations of the petition, the courts will hold that such defective allegations are thereby cured." (Barkley v. State,15 Kan. 99). *Page 639 
"Where some of the facts necessary to constitute a cause of action are stated in the petition only inferentially, such petition may, nevertheless, be held good, where no objection is made to it except by objecting to the introduction of any evidence under it on the ground that it does not state facts sufficient to constitute a cause of action." (Bailey v. Dodge,28 Kan. 72).
See, also, upon this question: The Western Massachusetts Ins.Co. v. Duffy, 2 Kan. 347; Polster v. Rucker, 16 Kan. 115; Moodyv. Arthur, id. 419; Reeve v. Downs, 22 Kan. 330; Grandstaff v.Brown, 23 Kan. 176; Clay v. Hildebrand, 34 Kan. 694, 9 P. 466; Schenk v. Hartford Fire Ins. Co. [Cal.], 11 P. 807; Laddv. Piggot, [Ill.], 2 N.E. 503; Lakeshore M. S. Ry. Co. v.O'Connor, [Ill.], 3 N.E. 501; Hedderly v. Downs, [Minn.], 17 N.W. 274.
We are aware of no law requiring an assignee, for the benefit of creditors, chosen under said ch. 6, Oklahoma Statutes, 1890, to obtain leave of the district court of the county where appointed before he can bring suit on a claim due the estate.
Counsel for plaintiff in error next contend that he had a right to dispute the title of his landlord to the lots in question, and set up claim thereto as an occupant under the townsite laws upon the failure of Sawyer's title, as claimed through Foreman, the original grantor, and that, by reason of such failure of title and the interest acquired by virtue of his said claim as an occupant, he was no longer liable to his said landlord for rent for the use and occupancy of said lots and the improvements thereon. This position, we think, is equally untenable for the reasons: First, because the facts in this case do not show such a failure of title in his landlord as to authorize plaintiff in error to dispute it in so far as possession and payment of rent are concerned: second, *Page 640 
because plaintiff in error recognized the right of his landlord, to the possession of said premises, by the payment of rent for several months after the alleged failure of title.
According to the evidence and agreed facts in this case, said S.W. Sawyer was the only occupant of the lots in question during the month of May, 1892, when the tract, including same, was entered, as a townsite, for the use and benefit of the occupants thereof; the occupancy of plaintiff in error as Sawyer's tenant being, in legal effect, the occupancy of Sawyer in person. But for this tenancy, plaintiff in error, so far as shown by the record, would never have been an occupant of these premises, and every principle of law and justice require that such occupancy shall not be used to defeat the right of his landlord to the use and possession of said property. The cases cited by counsel for plaintiff in error are in entire harmony with this rule. In McKie v. Anderson, [Tex.], 14 S.W. 576, it is held that, "One in possession of land, as owner of an individual share, having accepted a lease of the other interest, may, without first giving up possession, assert an adverse title against the lessor in an action by the latter of trespass to try title, and for partition. * * The rule, that a tenant cannot deny his landlord's title, is limited to suits for possession only, and does not apply in an action of trespass to try title and for partition, in which the title itself is put in issue." And, in Smith v. Smith, [Tex.],16 S.W. 637, the holding is that, " In an action for rent the tenant counter-claimed that, prior to the execution of the contract for rent, he held the fee to the land in controversy, and, in order to secure the landlord as surety upon a note given by him (tenant) to a third party, he had conveyed the land to the landlord by absolute deed, with the understanding *Page 641 
that it was to be a mortgage, or that the land was to be held in trust until a sale could be effected. It was further averred that a sale had been made by the landlord, and that a balance was due the tenant after paying the note and the rent.Held, that the exclusion of evidence tending to show the real relation of the parties was error, since the rule which prevents a tenant from disputing his landlord's title cannot be applied so as to preclude a grantor of land from showing that the deed was intended only as a mortgage or to place land in trust."
We find nothing at page 733, 16 So., (cited by said counsel), nor any where in the decision of the supreme court of Louisiana in Cochrane v. Gilbert, occupying pages 731 to 734, of said report, which is at all applicable to the proposition under consideration. We desire, in this connection, to express our disapproval of the practice of counsel merely citing, in their briefs, the volumes and pages of reports without giving the title of the cases to which reference is made. After a careful examination of Judge Hawley's opinion in Lakin v. Dolly, 53 Fed. 333, we find nothing therein which is in conflict with the position taken by us upon this question, but think said position fully sustained by the decision of this court inHamill v. Jalonick, 3 Okla. 223, 41 P. 139, wherein it is held that, "The suit was not for the purpose of trying the question of title nor as between the parties was such question involved. Under § 1 two kinds of actions are contemplated; one may be brought to determine the title, and the other, the right of possession. This action was for the possession of the property. Jalonick claimed as a landlord against Hamill, his tenant. We think counsel for appellant fails to properly distinguish between the two actions. Jalonick could not maintain the action against Hamill for the title because *Page 642 
the question of title is one yet to be determined in another tribunal. But if the contract of lease was valid, in the first instance, as between Jalonick and Hamill, it always retained its validity, until Hamill had, by a surrender of possession under the lease, put an end to the contract between them."
The question of whether or not the said S.W. Sawyer is qualified, under the law, to acquire the title to lands, in that portion of Oklahoma opened to settlement on April 22, 1889, is one exclusively for the land department and the trial court should have sustained plaintiff's objection to the introduction of any evidence concerning same.
Finding no error in the record, the judgment of the district court is affirmed, at the cost of the plaintiff in error.
Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring