.JASON YURANN, *Individually and as Trustee, etc., Appellant,* v. JOHN L. HAMILTON *et ux., Appellees.*

No. 16,551.

SYLLABUS BY THE COURT.

:1. PLEADINGS — *Amendment — Answer Signed after Judgment.* Where a petition is filed in the district court and an answer is filed thereto purporting to be the answer of the defendants, but is entirely unsigned, and the case is set for trial and tried in all respects as if the answer had been signed, and the attention of the court is not called to the failure of the defendants to sign their answer until after judgment, it is not error then to permit the answer to be amended by signing the same.

:2. PRACTICE, SUPREME COURT—*Conclusiveness of Findings—Motion for a New Trial.* On a motion for·a new trial, based on alleged accident and surprise growing out of an alleged agreement as to a waiver of evidence between the attorneys for the parties, the finding of the court as to the existence of such agreement, made upon conflicting affidavits, and the denial of the motion in accordance with such finding, can not be reviewed here.

:3. LANDLORD AND TENANT—*Purchase of Tax Deed by Tenant.* Land in the hands of the receiver of a corporation was sold for delinquent taxes in September, 1900, to F. In May, 1902, F. sold the tax certificate to H. March 1, 1903, H. rented the land of the receiver and took possession of it as tenant. In September, 1903, H. received a tax deed to the land, and thereafter claimed possession and right to the land under the tax deed, but paid his rent according to contract. *Held,* that as such tenant he was under no obligation to pay the taxes and was ·not estopped from taking the tax deed and holding thereunder.

·4. CORPORATIONS—*Receiver—Interference by Creditors Enjoined —Purchaser of Tax Certificate.* By buying the tax certificate H. did not become a creditor of the corporation, and was not barred by an order of the court appointing the receiver which restrained creditors of the corporation from interfering with the property of the corporation.

Appeal from Marshall district court; SAM KIMBLE, .judge. Opinion filed May 7, 1910. Affirmed.

*W. S. Glass,* and *W. W. Redmond,* for the appellant; *J. G. Strong,* of counsel.

*E. A. Berry,* for the appellees.

The opinion of the court was delivered by

SMITH, J.:   In 1899, and for some time prior and subsequent thereto, the Blue Rapids Company, a corporation, owned the 40-acre tract of land which is in dispute, and which is located in Marshall county, Kansas.   The taxes levied against the land for 1899 were not paid.   Litigation having been commenced between certain of the stockholders of the corporation and the corporation itself in the district court of that county, the court, in March, 1900, appointed one Russell receiver of all the real and personal property of the corporation.   Russell was succeeded as receiver in February, 1901, by one Winter.   At the tax sale in 1900 the land was sold for the taxes of 1899 to one Frazier, and in May, 1902, Frazier assigned the tax certificate to J. L. Hamilton.   In March, 1903, Hamilton leased the land from the receiver, Winter, under a verbal lease for one year, and took possession of the same.   September 12, 1903, the county clerk issued and delivered to Hamilton a tax deed to the land, which was filed for record on the same day.   Some time after the issuance of the tax deed Hamilton paid the receiver the rent of the land for one year, and thereafter held possession of the land under the claim of ownership, refusing to rerent at the close of the year, but continuing in possession thereof until the trial of this action.

The plaintiff, Yurann, was a stockholder in the Blue Rapids Company, and as a result of the litigation in the company the land in question was by decree or otherwise conveyed to Yurann, as an individual and as trustee for six other stockholders of the corporation.   In August, 1908, Yurann, for himself and as trustee, as aforesaid, began this action against Hamilton and wife by filing a petition in the district court of Marshall

34—82 KAN.

county to set aside the tax deed issued to Hamilton. In due time Hamilton filed an answer thereto, which for some reason was not signed by himself or by his attorney.

In addition to disclosing the facts heretofore recited, it appeared that the order of the court directing the receiver to take charge of the real and personal property of the corporation contained the following:

"All creditors of said Blue Rapids Company are hereby enjoined from in any way intermeddling with the property hereby directed to be turned over to said receiver, and all officers, directors, agents and tenants of said Blue Rapids Company are hereby enjoined from interfering with or disposing of said property of said company, and described herein, in any way except to transfer, convey and turn over the same to said receiver."

The case was tried at the October, 1908, term of the court, and resulted in a judgment in favor of the defendants.

The plaintiff, in the progress of the trial, offered numerous objections to the introduction of evidence by the defendants, but no objection appears to have been made on the ground that no answer had been filed. The case was tried as if at issue. In due time after the judgment was rendered the plaintiff filed a motion for a new trial on the statutory grounds, and also set forth that the cause was in default, no answer having been filed therein, and alleged error in permitting the defendants to introduce testimony without the filing of an answer. Thereupon, upon the application of the defendants, the court allowed the answer to be signed by their attorney.

In the motion for a new trial an affidavit was introduced on the part of the plaintiff tending to show a verbal agreement between the attorneys of the parties in regard to certain evidence, or the submitting of the case without certain evidence, which agreement was said to have been made before the parties announced

themselves ready for trial; and in response thereto the attorney for the defendants asked time to prepare his counter affidavit denying the statements made in the affidavit of the plaintiff, and at the suggestion of the court he stated the substance of his proposed affidavit, which was considered by the court, and he was given leave to reduce it to writing afterward, which was done.

The orders of the court allowing the answer to be signed and allowing the defendants' attorney to make a statement of facts and afterward to reduce the same to writing in an affidavit, and the consideration of the oral statement on the motion for a new trial, are alleged as error. An answer was really filed, lacking the signature of the defendants' attorney, and the case was tried as if it were in fact a valid answer. The order allowing the answer to be signed should have been made as a matter of course. The acceptance of an oral statement on the hearing of the motion was of course irregular; but the statement was afterward reduced to writing, and is certified by the court in the case-made, and that it accords with the oral statement is not questioned. The two affidavits relating to accident and surprise arising out of an agreement between the attorneys presented an issue of fact, which the court decided in favor of the defendants on the conflicting evidence, and we can not say that the court erred in its determination.

It is contended on behalf of the plaintiff that the order of the court, above copied, enjoining all creditors of the corporation from intermeddling with the property of the company turned over to the receiver is decisive of this case; that Hamilton, by purchasing the tax-sale certificate, became a creditor of the company, and that the acceptance of the assignment of the certificate and the tax deed, and holding possession of the land thereunder, were in violation of this order. We can not concur in this view. The tax proceeding was

not instituted by Hamilton, but by the state. In fact the corporation had allowed the taxes on the land to become overdue before the appointment of the receiver, and it can not be contended that the state could be enjoined from proceeding to sell the land for unpaid taxes as in other cases. If the state had the right to sell the land for the taxes, Hamilton, or his grantor, Frazier, or any other person, had the right to purchase at the tax sale. The corporation, the plaintiff, or anyone else interested in the land, had a right to redeem it from the tax sale at any time before the issuance of the deed.

Again, it is argued that Hamilton did not take possession of the land under the tax deed, but as tenant of the receiver, and that at the time the tax deed was issued he was indebted to the receiver for rent (which he soon afterward paid) in a sum greater than the amount due upon his tax certificate; and inferentially it is claimed that he should have paid the amount due to himself on the tax certificate and accounted to the receiver only for the balance of rent due. This also is untenable. Neither his contract with the receiver nor his relation to any of the parties interested in the land imposed upon him the duty to pay the taxes; and a tenant who is under no obligation to pay taxes may purchase the leased premises sold for taxes and assert his title thus acquired against his landlord in defense of a claim for rent. (*Weichselbaum v. Curlett*, 20 Kan. 709; *Smith v. Newman*, 62 Kan. 318.) It must also be borne in mind that neither the accruing of the taxes nor the sale of the land for taxes was during the time that Hamilton was the tenant of the receiver on the land. The taxes accrued in 1899; the tax sale was in September, 1900, to Frazier, and Frazier sold the tax certificate to Hamilton in 1902. Hamilton became tenant of the receiver March 1, 1903.

We are unable to see that either the case of *Railway Co. v. Love*, 61 Kan. 433, 437, or that of *Cramer v.*

*Iler*, 63 Kan. 579, 583, is relevant to the questions here involved. The right of Hamilton to acquire the land by tax deed and the two questions of practice—the allowing of the amendment to the answer and the denying of the motion for a new trial—are the only questions presented in the case. No attack is made upon the validity of the tax deed, as such.

As we find no error in the three questions raised, the judgment is affirmed.