KELLER, Appellant, vs. FRIEDRICHS and wife, Respondents.

*May 5—June 1, 1942.*

For the appellant there was a brief by *John S. Barry* and *Jerome F. Treis,* both of Milwaukee, and oral argument by *Mr. Barry.*

For the respondents there was a brief by *Sanville & Cohn* of Milwaukee, and oral argument by *Milton M. Cohn.*

ROSENBERRY, C. J. The sole question raised upon this appeal is whether a tenant may, by the purchase of tax certificates

outstanding against leased premises and the taking of a tax deed thereon, acquire title as against his landlord. The plaintiff contends that the tenant cannot acquire a tax title as against his landlord because he is under a duty to pay the taxes and rests his contention upon *Dunn v. Snell* (1882), 74 Me. 22. In that case it was held that the mortgagor would not be allowed to purchase the mortgaged premises if sold for taxes for the purpose of defeating the mortgage. In that case it appeared that the mortgagor had covenanted and agreed to pay the taxes; that a tax title thus acquired must be deemed as fraudulently obtained, citing *McMahon v. McGraw* (1870), 26 Wis. 614. In *McMahon v. McGraw*, decided in 1870, it was held that an agent who fraudulently allows land of his principal to be sold for taxes and takes the deed to himself and puts it on record, may be compelled to convey the title to the true owner or the true owner may maintain ejectment relying upon fraud as estopping the defendant from setting up a tax title. It is considered that these cases in no way support the contentions of the plaintiff. By the foreclosure sale the plaintiff in this case acquired the title of the mortgagor who was likewise the landlord of the defendant. The defendant did not permit the taxes to become delinquent. He was under no duty or obligation to pay the taxes. The default in payment of taxes was with the mortgagor, the predecessor in title of the plaintiff. There are no facts in this case which tend to establish a fraud, actual or constructive, nor any breach of duty on the part of the tenant, and the trial court correctly so held.

The contention of plaintiff, that where an occupant of land pays the taxes on the land he is presumed to do so to protect the paramount title, is without merit. *Perszyk v. Milwaukee E. R. & L. Co.* (1934) 215 Wis. 233, 254 N. W. 753, cited by him, has no application to the facts of this case.

*By the Court.*—Order affirmed.