## SMITH et al. v. SHAW.

No. 32062. Feb. 19, 1946.

*166 P. 2d 93.*

. H. A. Ledbetter, of Ardmore, for plaintiffs in error.

J. W. Dixon, of Marietta, for defendant in error.

HURST, V.C.J. The plaintiff, Ben Shaw, sued the defendants, T. F. Smith and others, to quiet title to a 40-acre tract of land in Love county. From a judgment in favor of the plaintiff, the defendants appeal.

The plaintiff claims title under a county deed executed by the chairman of the board of county commissioners on July 15, 1940, and under a quitclaim deed from the former owner executed September 18, 1940. The defendants claim title to the mineral interest in said land under a mineral deed executed by the former owner in 1929. The land was sold to the county at the 1940 resale.

1. The defendants first contend that the plaintiff's title is invalid for the reason that he was the tenant in possession at the time he acquired title from the county, and that a tenant may not purchase a tax title on land occupied by him as a tenant and thereby defeat the title of his landlord or of persons claiming under the landlord. The record discloses that the plaintiff had for years occupied the land as a tenant under the owner, but the plaintiff testified that he moved off the land prior to the time he acquired title and that he was not in possession as tenant at

that time. There is no contention or proof that the plaintiff was under a duty to pay the taxes for which the land was sold. The defendants cite no authority holding that under the circumstances here stated or similar circumstances the plaintiff was precluded from acquiring the title at the county sale, and we know of no such authority. We think this contention is without merit.

2. The defendants also contend that the resale was void for the reason that in the notice of the annual sale for the 1935 taxes published in 1936 it was recited that the sale would be held on the first Monday in November, *1935*, instead of in *1936*. This was clearly a clerical error on the part of the county treasurer. No one could reasonably have been misled by said error. The purpose of the validating provision of the 1939 resale act (68 O. S. 1941 § 432h) was to relieve against such mistakes.

Judgment affirmed.

GIBSON, C.J., and RILEY, BAYLESS, CORN, and DAVISON, JJ., concur.