PHILLIPS et al. v. GIBBS et al.

No. 32013.   March 4, 1947.

*177 P. 2d 1017.*

Tom Payne and M. A. Dennis, both of Okmulgee, for plaintiffs in error.

Carland Smith, of Okmulgee, for defendants in error.

OSBORN, J. This is an action to establish and enforce a trust in real estate and for an accounting, brought by Kathryn L. Gibbs and Betty Ruth Gibbs, plaintiffs, against W. E. Phillips and Beulah G. Phillips, defendants. The parties will be referred to as they appeared in the trial court. A jury was empaneled and returned a verdict for plaintiffs, and the judgment followed the verdict. Defendants appeal.

The essential facts are undisputed. The property was acquired by Glenn Q. Gibbs, the husband of Kathryn L. Gibbs and father of Betty Ruth Gibbs, in 1919. In 1933 he rented the property to defendants by oral contract on a monthly basis, the rental being $10 per month. Gibbs died on March 6, 1940, leaving plaintiffs as his sole heirs. The property was sold to Okmulgee county in May, 1939, at the 1939 tax resale. Defendants were ignorant of the sale, and continued to pay rent to plaintiff Kathryn L. Gibbs, to whom they had always sent the rent, until November, 1939, when they were first informed that the property was owned by the county. At that time they were in arrears for October and November. After that time they paid no rent to plaintiffs, and the county, so far as the record shows, made no effort to collect rentals from them. Thereafter one Dean made the county a written bid of $60 for the property, and it was duly advertised. Defendants, at such sale, bid in the property for $270, and on August 5, 1940, the county issued a deed to them therefor. On March 25, 1941, they notified Mrs. Gibbs that they had acquired title to the property, and requested the execution of a quitclaim deed to them. She refused, but later went to Okmulgee and verbal negotiations were had between her and Beulah C. Phillips. Mrs. Gibbs testified that in these conversations Mrs. Phillips agreed to pay plaintiffs for a quitclaim deed, but that the amount and terms of payment were never definitely agreed upon. Mrs. Phillips testified that the negotiations concerned only the abstract of title owned by plaintiffs, which defendants wished to purchase. In any event, the negotiations were futile, and this action resulted.

Plaintiffs did not assert in their petition any invalidity in the tax deed, or attempt to establish by their proof any fraud, deception or other inequitable conduct on the part of the defendants in connection with the purchase of the property from the county, nor did they assert that any obligation to pay the taxes rested upon the defendants. Their petition, in substance, alleged and their proof was directed to establishing that the defendants were their tenants at the time they purchased the property from the county; that they were in arrears for rent at the time of the purchase from the county, and that never having surrendered possession of the property but remaining in possession thereof as tenants of plaintiffs, they could not acquire and assert a title adverse to the title of plaintiffs, and that any title acquired by them under such circumstances was acquired for the use and benefit of plaintiffs and was held in trust for them. They sought an accounting for the rent due to them from defendants, and asked the court to decree that the defendants held the title obtained from the county in trust for the plaintiffs.

Plaintiffs contend that since defendants went into possession of the property as their tenants, and did not deliver up possession of the property to them, they were estopped from acquiring title from the county commissioners and asserting such title against them.

While it is the general rule that a tenant in possession is estopped to deny the title of his landlord, especially as such title existed at the time of the tenancy, such rule is generally applied to actions which are necessarily possessory in character or founded merely upon the relation of landlord and tenant. Hamill v. Jalonick, 3 Okla. 223, 41 P. 139; Young v. Severy, 5 Okla. 630, 49 P. 1024; Findley v. Lynn, 196 Okla. 322, 164 P. 2d 989. But where the landlord himself prosecutes a suit against the tenant presenting an issue of title and seeking a judgment which will preclude the tenant, whether as to title in fee or as to any interest in the land greater than necessary to support the tenancy, the doctrine of estoppel against the tenant does not apply. In the recent case of Findley v. Lynn, supra, the third paragraph of the syllabus is:

"The estoppel of a tenant to dispute his landlord's title ordinarily extends to those matters only which affect relations growing out of the tenancy, and an action to quiet title may be prosecuted by the landlord, and defended by the tenant, having for its purpose the adjudication of claims respecting the ultimate title."

In said case we cited the annotation in 89 A.L.R. 1295, where the authorities are reviewed. See, also, 35 C.J. 1232, §575, 16 R.C.L. 672, §159, 32 Am. Jur. 127, §125.

Plaintiffs further contend that defendants were in arrears for rent on August 5, 1940, when they acquired their county commissioners' deed, and by reason thereof they were estopped to acquire title from the county commissioners. It does not appear from the record that they were in arrears for rent at the time the premises were sold at resale to the county in May, 1939. Also, it does not appear that they were in any wise obligated by contract with the plaintiffs to pay the taxes. In the absence of inequitable circumstances it is a general rule that a tenant who is under no obligation to pay the taxes may purchase the demised property at a tax sale and assert such title against his landlord. 35 C.J. 1246, §602; 16 R. C. L. 668, §155, 32 Am. Jur. 122, §118, Yurann v. Hamilton, 82 Kan. 528, 108 P. 822; Keller v. Friedrichs, 241 Wis. 8, 4 N.W. 2d 169. Although there are some cases to the contrary, the rule above stated appears to be supported by the weight of authority.

The reason underlying the exception appears to be the same which obtains where the tenant purchases the property at a judicial or execution sale, and which is stated in 16 R.C.L. 667, §154, and in 32 Am. Jur. 121, §117. It is that where a sale of the premises is made

pursuant to a decree of court, or execution duly levied, or by virtue of statutory authority vested in public officials for the collection of taxes, at which sale any person may obtain title to the property, and by which sale, whether the land be purchased by the tenant or by another, the landlord will be divested of his title thereto and interest therein, the relationship between the landlord and tenant does not preclude the tenant from bidding on the property at such a sale, and acquiring title thereto, since in any event the landlord would lose his title.

It must be borne in mind that the title acquired by the county commissioners at resale was an independent fee-simple title. Taylor v. Lawrence, 176 Okla. 75, 54 P. 2d 634. The plaintiffs herein rely upon the validity of said title by having the court declare the same to be held in trust for their use and benefit. The defendants continued to pay rentals to plaintiffs until October, 1939, when they were notified that the county commissioners were claiming to be the owners of the property. The unpaid rents accrued from October to the following August, when defendants obtained their title. It is manifest that the rentals could not be applied upon the taxes, since the taxes were extinguished by the resale. The delinquent taxes amounted to approximately $500, whereas the rents from October 1, 1939, to August 5, 1940, amounted to only $101.63. The title of plaintiffs had already been divested before any rentals became due and delinquent. We think defendants were not estopped to purchase the county's fee-simple title.

The case was tried to a jury and, under what amounted to a peremptory instruction, the court entered judgment on the verdict in favor of plaintiffs and quieted their title as against defendants. Since the main object and purpose of the action was to establish and declare a trust, the action is one of equitable cognizance, and this court, upon review, will weigh the evidence and render or

cause to be rendered such judgment as the trial court should have rendered. Harjo v Johnston, 187 Okla. 561, 104 P. 2d 985. The accounting for the rents was merely ancillary to the main cause of action to declare a trust and quiet the title of plaintiffs. The judgment of the trial court was clearly erroneous.

The judgment is reversed, with directions to enter judgment in favor of defendants quieting their title as against plaintiffs.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.