566

NORRIS et al. v. WALLACE.

No. 33087.  May 25, 1948.

Rehearing Denied Oct. 5, 1948.

*198 P. 2d 201.*

Williams & Williams, of Ardmore, for plaintiffs in error.

Shilling & Shilling, of Ardmore, for defendant in error.

CORN, J.  Plaintiff brought this action to quiet title to lot 4, block 295, in the city of Ardmore; and for judicial determination of the death and heirship of Edward D. Norris who, it was alleged, died intestate in 1910, leaving surviving as heirs at law his wife and children named as defendants herein, as well as the heirs of certain of his deceased children. Plaintiff alleged ownership and possession of the property by virtue of a quitclaim deed, dated October 9, 1941, from one McIver and wife, and that the title and interest asserted by defendants constituted a cloud upon his title.

By answer and cross-petition defendants denied plaintiff's title and alleged he had entered into possession of the premises as a tenant under a rental agreement, but had ceased to pay rent in 1932 and thus was indebted for rent in excess of the amount of taxes due; that under the terms of the rental agreement plaintiff agreed to pay the taxes, but defaulted upon such agreement. Defendants asked for an accounting and tendered into court any excess in the amount of taxes due over the amount of rent found to be due, and asked judgment canceling the tax deed and to have their title quieted as against plaintiff.

By way of reply plaintiff alleged he had paid taxes which became delinquent before his tenancy and further denied that he was defendants' tenant or indebted for rent and that any claim for rent accruing more than three years prior to the action was barred by the statute of limitations. Further, that he had made valuable improvements upon the property and had redeemed same from delinquent paving tax liens; and further asked, if judgment was rendered against him, that he be adjudged to have a lien upon the property for the amount of his improvements.

The record, together with the trial court's findings of fact and conclusions of law, establish the following facts pertinent to discussion of the questions herein involved: Edward Norris died owning this property, and in 1930 plaintiff entered into possession, as tenant of the heirs, under an agreement to pay $10 per month rent. He thereafter at all times held possession, and paid

rent thereon until May, 1936, although the trial court found there was no agreement or obligation on plaintiff's part to pay taxes. In November, 1935, this property was sold for 1934 taxes, and in April, 1936, plaintiff purchased the tax certificate, paying the 1934 taxes, penalty, interest and costs. Thereafter plaintiff paid all taxes and delinquencies for the years 1936 to 1939, inclusive, and had same endorsed upon his tax certificate.

July 26, 1941, plaintiff assigned his certificate without consideration to one McIver, who immediately made proper application for issuance of a tax deed upon the premises and such deed was issued October 8, 1941. Then, October 9, 1941, McIver and wife conveyed the property to plaintiff by quitclaim deed without consideration, and after that date plaintiff continued in possession of the property and made valuable improvements thereon, to the extent of some $1,500. The court found that all paving bonds had been paid and surrendered, and canceled the assessments against this property as a cloud upon the title; that the amount necessary to redeem the property for ad valorem taxes was $496.35, including all taxes for 1940, plus an additional $75 paid by plaintiff to discharge a paving tax lien. The trial court also found that defendants had made a proper tender of all taxes, penalties, interest and costs.

Based upon the foregoing findings, the trial court concluded as a matter of law that the heirs of Edward D. Norris had inherited the property (in the proportions shown by plaintiff's petition); that the tax deed to McIver passed fee-simple title, which was in turn vested in plaintiff by the McIver conveyance; that defendants were barred by the statute of limitations from recovering the property and quieted title in plaintiff and canceled the paving tax assessments against the property.

Defendants present four propositions in seeking reversal of the trial court judgment. However, we deem it unnecessary for proper determination of this appeal to consider any questions other than the two matters hereinafter discussed. First to be considered is whether a tenant in possession of real property and indebted for such use can acquire, either directly or indirectly, a tax title based in part upon taxes which become delinquent during his occupancy.

It is plaintiff's theory, based upon the trial court's findings, that no agreement existed for plaintiff to pay taxes, and being under no obligation to pay when the property was sold for delinquent taxes the defendants' title was extinguished and plaintiff thereupon was entitled to purchase the tax certificate in opposition to his landlords' title. In support of this agreement plaintiff relies upon Findley v. Lynn, 196 Okla. 322, 164 P. 2d 989; Smith v. Shaw, 196 Okla. 497, 166 P. 2d 93; and Phillips et al. v. Gibbs et al., 198 Okla. 270, 177 P. 2d 1017. It is to be noted that in Findley v. Lynn, supra, we pointed out explicitly that the tenant bore no obligation to pay taxes because of his tenancy, but apparently therein no question was present concerning the effect of the tenants' failure to pay rent. In the Shaw case, above cited, we took notice of the fact that there was no agreement under which the defendant had any duty to pay taxes. Plaintiff also relies upon Phillips v. Gibbs, supra, as sustaining his position in the present case. Essentially the same question was present there, to the effect that the tenants were in arrears with the rent at the time they purchased the property from the county, and so were estopped to acquire title. In passing upon this question, we pointed out:

"Plaintiffs further contend that defendants were in arrears for rent on August 5, 1940, when they acquired their county commissioners' deed, and by reason thereof they were estopped to acquire title from the county commissioners. It does not appear from the record that they were in arrears for

rent at the time the premises were sold at resale to the county in May, 1939. Also, it does not appear that they were in any wise obligated by contract with the plaintiffs to pay the taxes. In the absence of inequitable circumstances, it is a general rule that a tenant who is under no obligation to pay the taxes may purchase the demised property at a tax sale and assert such title against his landlord. 35 C. J. 1246, §602; 16 R. C. L. 668, §155; 32 Am. Jur. 122, §118; Yurann v. Hamilton, 82 Kan. 528, 108 P. 822; Keller v. Friedrichs, 241 Wis. 8, 4 N. W. 2d 169. Although there are some cases to the contrary, the rule above stated appears to be supported by the weight of authority."

We also pointed out in that case that the rentals which accrued could not be applied upon the taxes since the taxes had been extinguished by resale, and the owners' (plaintiffs') title had already been divested before any rentals were delinquent. We think the cases relied upon by plaintiff clearly are distinguishable from the present case.

We have not passed directly upon the question whether a tenant in default of rent, and without surrendering possession of the premises, owes his landlord such duty to pay taxes as precludes the tenant from acquiring a tax title to the property.

As pointed out by defendants, under our decision in Tomlinson et al. v. Tyler, 191 Okla. 518, 131 P. 2d 98, plaintiff did not acquire such an interest in this property by purchase of the tax certificate which entitled him to possession or relieved him of his obligation to pay rent thereon.

Plaintiff purchased the tax certificate in 1936, and thereafter ceased paying rent. He thereafter remained in possession of the property as a tenant, making no effort to surrender possession of the premises, but paid up other delinquent taxes which were endorsed upon his certificate. His tenancy was never terminated and no notice of adverse claim was given defendants until McIver, following plaintiff's assignment of the certificate, notified defendants of the making of an application for a tax deed. At that time plaintiff owed approximately five and one-half years rent upon the premises, which was in excess of the total amount necessary to redeem the property from taxes.

We recently held in Bereman v. Grant, 195 Okla. 330, 157 P. 2d 743, that one who has charge of and enjoys the beneficial use of mortgaged property cannot, by securing a tax deed to such property, defeat a mortgage lien in the presence of fact showing a moral obligation to see that the taxes are paid. Therein we pointed out that sufficient evidence of a fiduciary relationship existed as to preclude the son from acquiring a tax title. To this same effect see Charles E. Gibson Co. v. Elze (Colo.) 293 P. 958; Duffitt v. Tuhan, 28 Kan. 292, 31 P. 208; Salts et al. v. Salts (Tenn.) 190 S. W. 2d 188; Simpson et al. v. Ricketts et al. (Miss.) 186 So. 318.

Without consideration of the moral obligation plaintiff may have owed to protect defendants' interests, it is undisputed that he owed a legal obligation to pay rent. Rather than discharge this obligation, plaintiff attempted, by proceeding indirectly through McIver, to foreclose the tax lien and secure this property for an amount less than his debt, at all times retaining possession of the premises. One who is morally or legally obligated to pay taxes cannot purchase at tax sale, either directly or indirectly, and cannot secure any right or title in such property, his purchase being deemed a mode of paying taxes. Warner v. Day, 197 Okla. 319, 170 P. 2d 246; Edwards v. Gardner, 198 Okla. 217, 176 P. 2d 1014.

We are of the opinion and hold that plaintiff acquired no right against defendants by failing to pay taxes upon the property during his tenancy which would thereafter support his purchase of the premises at tax sale. And, being indebted to defendants for an amount exceeding the total required to redeem

the property, his purchase thereof is to be considered only a mode of paying taxes.

The second question to be considered is whether defendants were barred by the statute of limitations by reason of their not having attempted to set the tax deed aside within one year from the date (October 9, 1941) same was filed for record.

We are of the opinion that the defendants' rights herein were not barred by the statute of limitations. Already having determined that plaintiff's acquisition of the tax deed amounted to nothing more than a payment of taxes, and that plaintiff was at all times occupying the property as a tenant, it follows that his possession was that of the defendants, and the statute did not run against defendants or prevent their exercise of the right to have the deed canceled as a cloud upon their title. Lind v. Stubblefield, 138 Okla. 280, 282 P. 365; Fickel v. Webb, 146 Okla. 16, 293 P. 206. Also, see 35 C. J. Landlord and Tenant, §621.

The judgment accordingly is reversed and the cause remanded, with directions to proceed not inconsistent with the views herein expressed.

HURST, C.J., DAVISON, V.C.J., and GIBSON and LUTTRELL, JJ., concur.

Rehearing Denied Oct. 5, 1948.